HERMAN A. PATRICAN *vs.* MARGARET A. GARVEY.

LOUIS PATRICAN *vs.* SAME.

Essex. November 8, 1933. — June 23, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Law of the Road. Negligence,* Violation of statute, Due care of child, In use of way. *Minor. Practice, Civil,* Findings by judge.

At the hearing of an action for personal injuries by a boy between eleven and twelve years of age, there was evidence that the defendant, operating an automobile, and the plaintiff, riding a bicycle, approached each other from opposite directions on a street; that the plaintiff was approximately in the middle of the street and the defendant to his right of the middle of the street; that when they were within eight or ten feet of each other, the plaintiff turned to his left and crossed the street to the sidewalk on his left; and that the automobile thereupon collided with the plaintiff, whereby he was injured. The plaintiff conceded that he was subject to G. L. (Ter. Ed.) c. 89, § 1. The trial judge found that the plaintiff had violated that statute and that his violation thereof "contributed directly to the accident." He also found that, measuring the plaintiff's conduct by the standard of the average careful boy of his age, he had not been shown to have been wanting in due care. *Held,* that, although the plaintiff was a minor and although he had not been wanting in due care, the principle of law, that one injured while violating a criminal law cannot recover for his injuries if his criminal conduct was a contributing cause thereof, was applicable and barred recovery.

TWO ACTIONS OF TORT. Writs dated November 28, 1932. The actions were heard together in the Superior Court by *Gray,* J., without a jury. Material evidence and findings and rulings by the judge are stated in the opinion. He found for the defendant in each action. The plaintiffs alleged exceptions.

The case was submitted on briefs.

*L. Albert*, for the plaintiffs.

*H. R. Mayo & E. J. Garity*, for the defendant.

RUGG, C.J.   These are two actions of tort, tried without a jury.   One is to recover compensation for personal injuries alleged to have been sustained as a result of the negligence of the defendant when the minor plaintiff (hereafter called the plaintiff), then a boy between eleven and twelve years old, while riding on a bicycle was in collision with an automobile on Prospect Street in Gloucester during daylight of August 18, 1932;  the other is for consequential damages suffered by his father.   On the evidence as reported, there seems little if any dispute as to these facts: The plaintiff was riding his bicycle and the defendant operating an automobile in opposite directions and approaching each other. The plaintiff was about in the middle of the street and the defendant to her right of the middle of the street.   When the two were within eight or ten feet of each other, the plaintiff turned to his left and crossed the street to the sidewalk on his left.   The collision occurred.   At the close of the evidence counsel for the plaintiff stated that he agreed that the minor plaintiff at the time of the accident came within the provisions of G. L. (Ter. Ed.) c. 89, § 1.   The trial judge "made the following findings and ruling: 'I find that the defendant was negligent.   I find that the plaintiff, measuring his conduct by the standard of the average careful boy of his age, has not been shown to be wanting in due care.   I find, however, that he violated the provisions of G. L. [Ter. Ed.] c. 89, § 1, and I find that this violation of the law contributed directly to the accident.   Under these circumstances, I rule that the plaintiff is not entitled to recover.'"

It is provided in the cited statute that "When persons traveling with vehicles meet on a way, each shall seasonably drive his vehicle to the right of the middle of the traveled part of such way, so that the vehicles may pass without interference."   By § 5 of the same chapter it is provided: "Whoever violates any of the provisions of the four preceding sections shall, upon complaint made within three

months after the commission of the offence, forfeit not more than twenty dollars . . . ."

Both the plaintiff and the defendant were travelling with vehicles. *Foster* v. *Curtis*, 213 Mass. 79, 84. It is plain that the plaintiff was violating the terms of the cited statute. That is a criminal statute. It creates a misdemeanor punishable by a fine. § 5. It has not been argued that the plaintiff was not amenable to that statute.

The findings of the trial judge that the plaintiff was violating the governing statute and that such violation was a cause contributing directly to the accident were findings of fact. They are amply supported by the evidence. They cannot be disturbed. The youth of the plaintiff did not exempt him from the operation of laws designed to regulate the conduct of travellers upon the public ways to the end that the general welfare of the community may be promoted. *Commonwealth* v. *Mead*, 10 Allen, 398. *Sheehan, petitioner*, 254 Mass. 342. G. L. (Ter. Ed.) c. 119, §§ 42–83. Any other rule would render travel upon public ways even more hazardous than at present.

It has long been established that one who is violating the criminal law cannot recover for an injury to which his criminality is a directly contributing cause. Such a person is precluded from recovery provided the element of criminality involved in the act and intended to be punished by the law has a direct contributory effect in producing his injury. The distinction, often stated, is between an illegal act which is a mere condition and an illegal act which is a contributing cause. This principle was elaborated with amplitude of logic and learning by Chief Justice Knowlton in delivering the opinion of the court in *Bourne* v. *Whitman*, 209 Mass. 155. *Query* v. *Howe*, 273 Mass. 92, 96. *Jones* v. *New York, New Haven & Hartford Railroad*, 275 Mass. 139, 143–144. This principle applies precisely to the facts here presented. It governs actions brought by minors. *Richards* v. *Pass*, 277 Mass. 372, 376. *Ahmedjian* v. *Erickson*, 281 Mass. 6, 8. It bars the plaintiff from recovery.

There is no incompatibility between the finding that the conduct of the plaintiff, measured by the standard of the average careful boy of his age, had not been shown wanting in due care, and the finding that there was violation of the statute by him in a particular that was a cause directly contributory to his injury. The first of these findings is based on the conduct of the plaintiff quite apart from G. L. (Ter. Ed.) c. 89, §§ 1, 5. It is in substance and effect a finding that the defendant, on the evidence and without invoking any violation of the criminal law, had failed to prove the affirmative defence of contributory negligence of the plaintiff imposed on every defendant in an action to recover damages for injuries to the person. G. L. (Ter. Ed.) c. 231, § 85. *O'Connor* v. *Hickey*, 268 Mass. 454, 459. The second finding was based on the principle declared in *Bourne* v. *Whitman*, 209 Mass. 155, as to the effect upon a plaintiff's case of his violation of a criminal statute having a causative relation to his injury. In the circumstances here disclosed there is no legal inconsistency in these two findings.

It becomes unnecessary to discuss the other questions argued by the defendant.

*Exceptions overruled.*