M. DOYLE & CO., INC. *vs.* COMMISSIONER OF PUBLIC WORKS
OF BOSTON.

Suffolk.    October 3, 1951. — January 9, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Mandamus.    Public Officer.*

Mandamus does not lie to determine the legality and adequacy of reasons
specified by a public officer acting in good faith for denying a permit
which he is authorized to issue in his discretion.

PETITION for a writ of mandamus, filed in the Superior
Court on July 9, 1951.

The case was heard by *Morton*, J.

*J. P. Brennan*, (*M. A. Molloy* with him,) for the petitioner.
*W. H. Kerr*, for the respondent.

WILLIAMS, J.   This is a petition for the issuance of a writ
of mandamus directing the commissioner of public works of
Boston to issue to the petitioner a permit "permitting it to
remove and transport rubbish through the streets of Boston
in accordance with the law or ordinance made and pro-
vided."   A judge of the Superior Court made findings of
material facts and entered an order dismissing the petition.
The petitioner has appealed from the judgment entered
pursuant to that order.   See G. L. (Ter. Ed.) c. 213, § 1D,
inserted by St. 1943, c. 374, § 4.

The petitioner applied to the respondent as commissioner
of the public works department on July 12, 1951, for a
permit, to be issued under the Revised Ordinances of Boston
(1947), c. 40, § 14, to remove and transport rubbish through
the streets of Boston.   At the bottom of the blank or form
on which the application was submitted there was printed
under the heading "Warning" "3. This permit does not
allow you to collect rubbish in any of the contract districts
without permission of the contractor in such district."

Chapter 40, § 14, of the Revised Ordinances of Boston (1947) provides that no person "shall in any street carry house-dirt, house-offal or other refuse matter . . . except in accordance with a permit from the commissioner of public works approved by the health commissioner." Section 1 of c. 27 of the same Revised Ordinances provides in part that the department of public works at its own expense shall collect house-offal, garbage, refuse and rubbish from dwelling houses; and that collection of such rubbish from hotels, restaurants and stores may be charged to the producers at the rate of twenty cents per barrel.

On July 13, 1951, the petitioner's application for a permit was denied by the respondent and the petitioner was notified of the denial in a letter which stated the reasons therefor as follows: "1. Failure to obtain the written consent of the contractor for the district in which you propose to collect and remove rubbish; 2. Failure to provide for the full coordination of your work with that of the district contractor; and 3. Failure to show need for additional rubbish collection vehicles in the district in which you propose to collect and remove rubbish, with the impediments to vehicular traffic incident to the presence of such additional vehicles." The respondent also stated in the letter that "it has been the long standing policy of this office not to grant permits for the removal and transportation of rubbish to others than such district contractors and those who, by reason of having obtained the written consent of their respective district contractors, may be treated as their agents."

James A. Freaney, Inc., was a district contractor for the collection and removal of garbage and rubbish for the year 1951 under a contract with the city of Boston. The district covered by its contract included the north and west ends of Boston, the district for which the petitioner was seeking its permit. The petitioner failed to obtain from this district contractor its consent for the removal and transportation by the petitioner of rubbish in the district. The petitioner alleges that the denial of its application by the respondent was an abuse of the latter's discretion and that

in refusing to grant the permit he acted in an arbitrary, capricious, irregular, unlawful, unreasonable, and unauthorized manner. The judge found that the petitioner "is a proper party to do the work called for by the permits and has excellent equipment to do the work which he did [as district contractor] in 1949 and 1950, and which he could very properly and successfully do if granted the permit." He also found that the refusal of the permit was not arbitrary, unauthorized, or an abuse of discretion on the part of the commissioner.

It is apparent that this is not a case where the respondent has refused to act upon the petitioner's application for a permit. He has acted and has denied the petitioner's application. What the petitioner seeks is a determination of the legality and adequacy of the reasons advanced by the respondent for his denial. As recently stated in *Howe* v. *Attorney General*, 325 Mass. 268, 270, "For such a purpose mandamus is not an appropriate remedy." The issuance of the writ may, in the discretion of the court, be invoked to obtain a decision of a judicial nature, but its use does not extend to any direction as to what that decision ought to be. See *Chase* v. *Blackstone Canal Co.* 10 Pick. 244, 246; *Gibbs* v. *County Commissioners of Hampden,* 19 Pick. 298; *East Boston Ferry Co.* v. *Mayor & Aldermen of Boston,* 101 Mass. 488, 494; *Crocker* v. *Justices of the Superior Court,* 208 Mass. 162, 164–165; *Sears* v. *Nahant,* 208 Mass. 208, 209; *McLean* v. *Mayor of Holyoke,* 216 Mass. 62, 64; *Scudder* v. *Selectmen of Sandwich,* 309 Mass. 373. The issuance of the permit was not merely a ministerial act which the commissioner was under a legal obligation to perform. See *Morse, petitioner,* 18 Pick. 443, 446; *Malden* v. *Flynn,* 318 Mass. 276, 279–281. Nor was it an act made obligatory by ordinance or statute. See *Mengel* v. *Justices of the Superior Court,* 313 Mass. 238, 244; *Attorney General* v. *Bureau of Old Age Assistance of Cambridge,* 324 Mass. 63, 66. Where the exercise of discretion is involved the judgment of the court will not be substituted for that of the public officer who has acted in good faith and who is entrusted

with the performance of the particular duty. *French* v. *Jones*, 191 Mass. 522, 532. *Burke* v. *Metropolitan District Commission*, 262 Mass. 70, 74–75. The judge's finding, which was in substance that the commissioner acted in good faith, cannot be said to be plainly wrong. No facts are established on this record which as matter of law require that a permit issue.

*Judgment affirmed.*