FRANCIS SMITH & another *vs.* EAGLE CORNICE AND SKYLIGHT WORKS.

Middlesex.    April 5, 1960. — June 6, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence,* Dangerous article, Axe, Trespasser.  *Proximate Cause.  Practice, Civil,* Requests, rulings and instructions.

Evidence in an action, that employees of the defendant, a roofer, kept barrels of tar and other equipment in the courtyard of two apartment buildings while repairing the roofs and "knew that there were children

Smith *v.* Eagle Cornice & Skylight Works.

playing . . . [in the courtyard] all the time" and that "at some times . . . [the children touched] the barrels, the tar and other things," that after work one day the employees left an axe of the defendant near the barrels, that while the plaintiff and other boys were playing in the courtyard one of the other boys picked up the axe and chopped at the tar on a barrel, and that as the plaintiff reached for some tar the axe slipped out of the other boy's hand and injured the plaintiff's fingers, warranted findings that the defendant's employees were negligent in leaving the axe where they did, that their negligence was a proximate cause of the plaintiff's injury, and that the plaintiff was not a trespasser or wrongdoer respecting the defendant's property at the time of the injury.   [141–142]

There was no error at the trial of an action in the refusal of a request for an instruction stating a principle abstractly correct but not involved in the case, the relevant issues in which were covered adequately and correctly in the charge.   [143]

TORT.   Writ in the Superior Court dated December 26, 1956.

The action was tried before *Taveira, J.*

*John F. Drum,* for the defendant.

*I. Jack Levy,* (*M. James Zelman* with him,) for the plaintiffs.

SPALDING, J.   In this action of tort there was evidence of the following.   On June 19, 1956, Francis Smith (hereinafter called the plaintiff[1]), "going on" seven years of age, lived with his family at 11 Columbia Terrace, Cambridge. Columbia Terrace consists of two buildings (accommodating thirty-three families) with a courtyard between. The children of these families often played in the courtyard.   From May 15 through October, 1956, the defendant was engaged in repairing the roofs at Columbia Terrace, and in connection with this work its employees kept certain of their equipment and supplies (including four tin barrels of tar) in the courtyard.   The defendant's foreman and "the other workmen knew that there were children playing . . . [in the courtyard] all the time" and that "at some times . . . [they touched] the barrels, the tar and other things."

On the day of the accident (June 19, 1956) the defend-

---

[1] The declaration also contained a count in which the plaintiff's father seeks consequential damages.

ant's employees, upon finishing their work for the day, left an axe, which they had used "for opening up the [tar] barrels and chopping up the pitch," in the courtyard near the barrels. Shortly after the employees had left the courtyard, the plaintiff, with two other boys, started playing "follow the leader." One of the tar barrels "was down and there was a board on it and they were playing on that." One of the boys, Gerald O'Leary, picked up an axe which he "got from the ground beside the tar barrel," and began "chopping at the tar on one side of the barrel." When Gerald stopped chopping, the plaintiff, who was on the other side of the barrel, put his hand down to get some tar and the axe slipped out of Gerald's hands and injured the plaintiff's fingers. That the axe which caused the accident was owned by the defendant is not disputed.

The case was submitted to the jury and verdicts for the plaintiff and his father were returned. The case comes here on the defendant's exceptions to the denial of its motion for directed verdicts and to a refusal to give a requested instruction.

1. We are of opinion that the jury could have found that the defendant was negligent in leaving the axe where it did, having in mind that it knew, or ought to have known, that children customarily played in the courtyard. *Sojka* v. *Dlugosz,* 293 Mass. 419, 423. And the fact that there was intervening negligence or wrongful conduct on the part of the plaintiff's companion, Gerald O'Leary, would not necessarily relieve the defendant from the consequences of such negligence. In the leading case of *Lane* v. *Atlantic Works,* 111 Mass. 136, it was said at pages 139–140, "The act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise." This principle has been ap-

plied so often that extensive citation of cases is unnecessary.   See, for example, *Leahy* v. *Standard Oil Co. of N. Y.* 224 Mass. 352, 360; *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 517; *Morrison* v. *Medaglia,* 287 Mass. 46, 49–50; *Flaherty* v. *New York, N. H. & H. R.R.* 337 Mass. 456, 462.   In the *Lane* case it was held that the act of a child in wrongfully meddling with the defendant's truck which the defendant negligently had left standing in a street, thereby causing a piece of loose iron on the truck to fall on the plaintiff, did not relieve the defendant from liability to the plaintiff.   It was for the jury to say whether the negligent act of the intermeddler was one which ''the defendants ought to have apprehended and provided against'' (page 141).   There may, of course, be situations where the conduct of the third person is such that the defendant is not bound to anticipate it.   Cases of this type are *Horan* v. *Watertown,* 217 Mass. 185, on which the defendant relies, and *Smith* v. *Peach,* 200 Mass. 504, *Slater* v. *T. C. Baker Co.* 261 Mass. 424, and *Sullivan* v. *Griffin,* 318 Mass. 359.   See *Galbraith* v. *Levin,* 323 Mass. 255.   But the case at bar is not of this type; rather it belongs to the class of cases illustrated by the *Lane* and similar cases, many of which are collected in *Morrison* v. *Medaglia,* 287 Mass. 46, at pages 49–50.

The defendant argues that the plaintiff was a wrongdoer or trespasser with respect to the defendant's property at the time he was injured and hence cannot recover.   We assume that if the plaintiff came into contact with the axe by reason of a trespass or other wrongful act he could not recover in this action which is based on negligence.   See *Carter* v. *Yardley & Co. Ltd.* 319 Mass. 92, and cases cited in the first footnote on page 99.   But it cannot be said on the evidence here that the plaintiff was a trespasser or wrongdoer as matter of law.   That question was properly left to the jury under proper instructions.[1]

---

[1] The jury were instructed that if the plaintiff voluntarily ''participates in the wrongful act of others and is thereby injured, he cannot recover though there may have been negligence on the part of the defendant which contributed to the injury.''   This language, which was taken almost verbatim from *McGuiness* v. *Butler,* 159 Mass. 233, 237, correctly stated the law.

2. The defendant contends that the judge erred in refusing to instruct the jury in accordance with its tenth request which reads, ''The doctrine of attractive nuisance is not recognized under Massachusetts law.'' Doubtless as an abstract proposition of law the request was correct, although, so far as we are aware, none of our decisions has ever used the expression ''attractive nuisance.'' *Daniels* v. *New York & New England R.R.* 154 Mass. 349. *Falardeau* v. *Malden & Melrose Gas Light Co.* 275 Mass. 196, 199. But it does not follow that the defendant was entitled to this instruction. It does not appear that the doctrine had ever gotten into the case and a discussion of it would have been academic and, perhaps, confusing. The plaintiff's case was based on negligence, not nuisance, and to have discussed liability in terms of ''attractive nuisance'' would hardly have been conducive to clarity. ''There can be no reversible error in a ruling or a failure to rule upon an abstraction.'' *Commonwealth* v. *McKnight,* 283 Mass. 35, 40. The entire charge is before us and we are convinced from examining it that the jury were adequately and correctly instructed on the relevant issues in the case.

*Exceptions overruled.*