SABATO DE NUNZIO *vs.* CITY MANAGER OF CAMBRIDGE & another.

Middlesex. October 6, 1960. — November 14, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Mandamus. Public Officer. Pleading, Civil,* Admission of facts. *Municipal Corporations,* By-laws and ordinances, Officers and agents.

A finding in a mandamus case, if contrary to a fact alleged in the petition and admitted in the answer, must be disregarded. [421]
The provision of G. L. c. 32, § 90A, for approval by the mayor of a city or the city manager of an increase in a retirement allowance does not contemplate a mere ministerial act by him but exercise of judgment or discretion by him which he cannot be compelled by mandamus to exercise in favor of the increase. [422]

PETITION for a writ of mandamus, filed in the Superior Court on April 9, 1958.

The case was heard on the merits by *Gourdin, J.*

*Mosier B. Goldberg,* Assistant City Solicitor, for the respondents.

*Joseph A. DeGuglielmo,* for the petitioner.

WHITTEMORE, J.    The judgment that a writ of mandamus issue was in error.

The petition averred that on November 28, 1955, the city council of Cambridge "duly passed" an order granting an increase in the retirement allowance of the petitioner in accordance with the provisions of G. L. c. 32, § 90A, but that the city manager at all times thereafter had refused to approve the order.    The answer admitted this allegation. The statute (c. 32, § 90A) provides, inter alia, that a "city . . . which accepts . . . [the statute] may . . . by two thirds vote of the city council and with the approval of the mayor . . . increase the retirement allowance of any former employee thereof who has been retired under any provision of this chapter . . . on account of injuries sustained or of hazard undergone in the performance of his duty . . . ."

The "Findings and Order" include the statement, "Under date of December 12, 1955, the Cambridge city council unanimously passed an order, approved by the city manager, purporting to increase the amount of petitioner's pension in accordance with . . . [G. L. c. 32, § 90A]."

The briefs are premised on the showing of the petition and the answer, that the city manager (acting under G. L. c. 43, § 104, in place of the mayor in respect of c. 32, § 90A) has not given the approval which § 90A specifies.    The allegations of the pleadings bind the party making them (G. L. c. 231, § 87) and the finding, so far as it is to the contrary, must be disregarded. *Bancroft* v. *Cook,* 264 Mass. 343, 348. *Harvey* v. *Crooker,* 267 Mass. 279, 282–283. *Scourtis* v. *Bililies,* 335 Mass. 290. *Willett* v. *Webster,* 337 Mass. 98, 101. It may be questioned whether a finding of statutory approval was intended, for that fact would make futile the petition and the judgment thereon.[1] *Lenox* v. *Medford,* 330 Mass. 593, 595. *McLean* v. *Medford,* 340 Mass. 613, 616.

---

[1] Colloquy at the argument developed the suggestion (a speculative irrelevance on this record) that the manager may have been willing to approve an increased pension if it could be legally granted.

There is nothing to suggest that the statute was specifying only a ministerial act for the mayor or the city manager, as the case may be. It is basic in our system that much legislation is effective only upon the approval of the executive. This is the requirement of § 90A. See G. L. c. 32, §§ 89A, 97; *McLean* v. *Medford,* 340 Mass. 613, 616; *McLean* v. *Mayor of Holyoke,* 216 Mass. 62, 64–65; *Leroy* v. *Worcester St. Ry.* 287 Mass. 1, 7; *Eastern Mass. St. Ry.* v. *Mayor of Fall River,* 308 Mass. 232, 235–236. Compare *Lawrence* v. *Stratton,* 312 Mass. 517, 520; *School Comm. of Salem* v. *Gavin,* 333 Mass. 632, 634.

Mandamus does not lie to compel the city manager to exercise his judgment or discretion in a particular way. *McLean* v. *Mayor of Holyoke,* 216 Mass. 62, 64–65. *Hayes* v. *Hurley,* 292 Mass. 109, 113. *M. Doyle & Co. Inc.* v. *Commissioner of Pub. Works of Boston,* 328 Mass. 269, 271. *Stretch* v. *Timilty,* 309 Mass. 267, 270–271. See *Malden* v. *Flynn,* 318 Mass. 276, 281.

There is no occasion to pass on other issues. Several of them were argued primarily as showing error in the order overruling the demurrer. We do not rule on that order.

*Judgment reversed.*
*Petition dismissed.*