*Southern District*

## CHESTER J. MOLINARI

v.

## ROBERT M. FEIN

*Present*: Nash, P. J., Lee & Owen, JJ.

Case tried to *Kupka, J.* in the District Court of Brockton. No. 28176.

*Owen, J.* This is an action of tort to recover for property damage in the sum of $240.00 allegedly caused by the negligence of the defendant. The answer is general denial, contributory negligence, lack of agency and statute of limitations.

The defendant had been a patient under treatment for a nervous breakdown at the Veteran's Administration Hospital in Brockton from January 2, 1963 to October 23, 1963 when he was discharged from the hospital. Upon his discharge the defendant got into his automobile in a parking area at the

hospital and then remembering he had forgotten a bundle he got back out of his car leaving the key in the ignition and the door on the driver's side unlocked. The defendant re-entered the hospital and upon his return to his car he found that a mental patient had gotten into his car, started the car, and driven the car causing a collision with the plaintiff's car which was parked a few feet away in the same parking area.

*There was evidence that* privileged patients, including mental patients, were customarily allowed to roam this parking area and did frequent the area without guard or supervision, that for two months prior to discharge the defendant frequented this area in company with other patients including mental patients.

The plaintiff filed six requests for rulings and the defendant filed two requests for rulings.

The trial court found for the defendant and made "Findings and Rulings" the first paragraph of which was a brief summary of the evidence including a statement that "the facts are not in dispute."

The balance of the "Findings and Rulings" was:

"The plaintiff contends that the defendant knew or should have known by reason of his being at the hospital that mental patients roamed the yard as privileged patients and should have anticipated that one of the said

mental patients might drive off with the automobile."

"I find that this contention cannot hold as the defendant was under treatment for a mental breakdown and the question of the defendant's mental capacity and attitude during this period of treatment was not brought out."

"I find that the attempted larceny of the automobile and its use by a thief were intervening independent acts which the defendant was not bound to anticipate and guard against."

The court denied the plaintiff's requests for rulings, allowed the defendant's requests and found for the defendant.

[■■] The finding by the court to the effect that the defendant's nervous breakdown was a "mental breakdown" is not supported by the evidence. The defendant did not testify and there was no medical or other testimony to support this finding.

The defense of mental incompetency is an affirmative defense that must be specifically pleaded and the burden of proof rests with the party pleading it. Such a defense was neither pleaded nor proved in this case. This finding by the trial court was error. *Lewis v. Russell*, 304 Mass. 41 and cases cited

■ The next finding by the court "the attempted larceny of the automobile and its use by a thief were intervening independent acts which the defendant was not bound to

anticipate and guard against," is not supported by the evidence.

The starting and driving of an automobile by a mental patient for a few feet in the parking area in such a manner as to collide with another parked car is not proof that the mental patient is a thief or is attempting to steal the automobile. Such conduct by a mental patient would be irrational or irresponsible but not criminal.

It is obvious from the evidence that the defendant knew or should have known that the area where his car was parked was frequented by mental patients and, when he left the key in the ignition of his automobile and left the driver's door unlocked, an incident such as occurred in this case was a natural and probable consequence of his acts.

This case is governed by the principles of cases holding that in situations such as this the likelihood of irresponsible actions on the part of children or mentally unstable adults should be foreseen and guarded against.

These principles are well stated in *Lane v. Atlantic Iron Works,* 111 Mass. 136:

> "In actions of this description, the defendant is liable for the natural and probable consequences of his negligent act or omission. The injury must be the direct result of the misconduct charged but it will not be considered too remote, if according to the usual experience of mankind the result ought to have been apprehended. The act of a third person intervening and contributing a condition necessary to the injurious effect of the original

negligence will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise."

*Sojka v. Dlugozz,* 293 Mass. 419; *Smith v. Eagle Cornice etc. Works,* 341 Mass. 139; *Martin v. Reis,* 344 Mass. 32; Restatement, Torts 2nd, §§302 A comment *e;* 302 B, 308 comment *b;* 447, 448, 449.

Plaintiff's requests for rulings ##3, 4, 5 and 6 in effect asked for the application of the above principles of law to the facts. Allowance of these requests would have resulted in a judgment for the plaintiff. The disallowance of these requests by the trial court was prejudicial error.

*The judgment for the defendant is to be vacated and judgment is to be entered for the plaintiff in the amount of $240.00.*

Lewis H. Miller, of Brockton, for the Plaintiff cited *Bellows v. Worcester Storage Co.,* 297 Mass. 188 where Justice Lummus said:

"There can be no question that negligence may consist in a failure to guard against the wrongful and even criminal acts of third persons."