**KUNEY INTERNATIONAL, S.A., First Continental, Ltd. (Girbralter), and Ardash Saran, Plaintiffs,**

v.

**Robert A. DiIANNI, Robert E. Baggs, Jr., et al., Defendants.**

**Civ. A. No. 89–1128–C.**

United States District Court, D. Massachusetts.

Sept. 25, 1990.

---

Richard J. Grahn, Looney & Grossman, Boston, Mass., for Robert E. Baggs, Jr.

Alex H. MacDonald, Nancy E. Glowa, Harrison & Maguire, P.C., Boston, Mass., for Peter N. Bennett.

## MEMORANDUM

CAFFREY, Senior District Judge.

This case is before the Court on the defendant's, Robert E. Baggs, Jr. ("Baggs"), motion to dismiss the plaintiffs' claims for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The plaintiffs, Kuney International, S.A. ("Kuney"), First Continental, Ltd., and Ardash Saran, commenced this action against defendants to recover damages allegedly caused by defendant's fraudulent and deceitful practices and statements which induced plaintiffs to send in excess of $944,000 to defendants. For the reasons stated below, the defendant's motion to dismiss should be denied.

### I.

For the purposes of this motion, the facts as alleged in the complaint are accepted as true. From July, 1986 to December, 1987 upon solicitation by the defendants, the plaintiffs in a series of transactions sent sums of money to various defendants which was to be invested in various securities. During this period Investment Council accepted $391,670 from Kuney, $162,500 from First Continental, and $390,000 from Saran. (Complaint, ¶¶ 30–36). Plaintiffs allege the defendants falsely asserted that the sums were being accepted for investment, but instead, the sums were being dissipated to the defendants for their own benefit.

Defendant Baggs was the original founder and owner of Investment Council Associates Inc. ("ICAI"), and Investment Council International, Inc. ("ICII"), corporations with principal places of business in Boston, Massachusetts. At various times relevant to this case Baggs associated himself in business with other individual defendants including defendant Robert A. DiIanni despite Baggs' knowledge that the SEC had

Wm. Shaw McDermott, Michael E. Malamut, McDermott & Rizzo, Boston, Mass., for plaintiffs.

prohibited DiIanni from working in the securities industry. (Complaint, ¶ 9). This fact was also not disclosed to the plaintiffs. The plaintiffs also allege in the complaint that Baggs, acting as a principal for Investment Council, knowingly, recklessly or negligently employed or associated himself with DiIanni in violation of the SEC's order against DiIanni. Additionally, it is alleged that Baggs also failed to supervise the activities of DiIanni with regard to plaintiffs' accounts and failed to provide an adequate system for maintaining custody of, and security for, the plaintiffs' funds and securities. (Complaint, ¶ 47).

Subsequently, in 1986 Baggs sold ICAI to defendant Giannotti, and in February, 1987 sold ICII to DiIanni. After the sale of ICII to DiIanni, Baggs continued to work at Investment Council's offices as an agent or employee, and continued to be listed as a principal on Investment Council documents. (Complaint, ¶ 9). In July, 1986 defendants allegedly made false and misleading statements to the plaintiffs in person, by mail and by wire regarding investment advice surrounding the purchase of Organogenesis stock and warrants. Relying on these representations plaintiffs First Continental and Kuney paid defendants $304,170, purportedly for the purchase of Organogenesis stock and warrants. The receipt of the monies paid by plaintiffs were confirmed by the defendants by wire. In addition, in March, 1987 at the defendants' request, plaintiffs Kuney and Saran paid defendants $500,000 purportedly for investment in a limited partnership interest in State Partners. Finally in May, 1987, upon the defendants' solicitation and request, Saran paid the defendants $140,000 purportedly for the purchase of Conrail stock. (Complaint, ¶¶ 35–36).

Plaintiffs then requested that the defendants surrender their stock certificates, and release their investments and transfer their securities into accounts under the plaintiff's direct control. No such transfer occurred. Defendants also repeatedly communicated with plaintiffs that the proceeds from the purported profitable sales of securities would be remitted to the plaintiffs. No such payment occurred and the defendants responded allegedly by providing false and fraudulent excuses to the plaintiffs. After numerous and repeated demands by the plaintiffs for the repayment of their funds, and despite repeated assurances of defendants that they would repay the plaintiffs, defendants have failed to repay the funds to the plaintiffs. As a result, the plaintiffs allegedly lost approximately $944,000.

## II.

■ Defendant Baggs contends that the federal securities fraud and Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, ("RICO") claims should be dismissed for failure to plead fraud with sufficient detail and particularity as required by Federal Rule of Civil Procedure 9(b).[1] In deciding this motion, the Court must accept the factual allegations set forth in the complaint as true and must draw all reasonable inferences in favor of the plaintiffs. *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990); *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir. 1989). Furthermore, the complaint should not be dismissed unless it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Dartmouth Review,* 889 F.2d at 16. In light of these standards, this Court shall examine the claims against Baggs.

Rule 9(b) requires that "the circumstances constituting fraud ... shall be stated with particularity ... [but] [m]alice, intent, knowledge, and other conditions of the mind may be averred generally." Fed. R.Civ.P. 9(b). To satisfy Rule 9(b), a pleading must specify the "time, place, and content of an alleged false representation but not the circumstances or evidence from which fraudulent intent could be inferred."

---

**1.** Motions to dismiss for failure to satisfy Rule 9(b)'s particularity requirements may properly be characterized as motions to dismiss for failure to state a claim, pursuant to Rule 12(b)(6). *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1300.

*McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 229 (1st Cir.1980). Also, in considering a motion to dismiss, the Court must weigh Rule 9 against the general policy of Rule 8 notice pleading. Fed.R. Civ.P. 8. Detailed facts are not required where allegations of fraud in the complaint set forth the specific basis for the claim. *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir.1985); *McGinty*, 633 F.2d at 229.

The purposes behind Rule 9(b)'s particularity requirement are (1) to place defendants on notice and enable them to prepare meaningful responses to charges of fraud brought against them; (2) to provide defendants with adequate notice of the basis of the claims brought against them, thereby protecting them from unfair surprise; (3) to provide some ground for believing that the suit is not simply a "strike suit"; and (4) to protect defendants from groundless charges which might damage their reputations. *See New England Data Serv., Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir.1987); *Hayduk v. Lanna*, 775 F.2d at 443; *Framingham Union Hosp., Inc. v. Travelers Ins. Co.*, 721 F.Supp. 1478, 1483 (D.Mass. 1989). The degree of specificity required in securities fraud cases is the same as is required in RICO mail and wire fraud. *See New England*, 829 F.2d at 290. In a RICO case, however, the plaintiff must additionally state the method and content of the alleged mail and wire communication perpetrating that fraud. *See id.* at 291.

■ Generally, where there are multiple defendants involved, each defendant's role must be particularized with respect to their alleged involvement in the fraud. *Wayne Inv. v. Gulf Oil Corp.*, 739 F.2d 11, 14 (1st Cir.1984). Where the plaintiff is not directly involved in the alleged transaction, however, an exception exists where, as in cases of corporate fraud, the plaintiffs cannot be expected to have personal knowledge of the facts constituting the fraud. *See New England*, 829 F.2d at 290; *see also* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1298 & n. 95 (1969); *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987). In such cases, the particularity requirement is satisfied if the allegations are accompanied by a statement of the facts upon which the belief is founded. *Wayne Inv.*, 739 F.2d at 13. The general outline of the general scheme to defraud alleged by the plaintiff provides the defendant with notice of the grounds on which the plaintiff's claim is based. *See New England*, 829 F.2d at 291 (RICO claim); *Wayne Inv.* at 14 (federal securities fraud claim). Exploring the relationship among the various defendants is a proper object of discovery and is not required to be alleged in the complaint.

Applying these principles to the plaintiffs' complaint, Rule 9(b)'s time, place and contents requirements of particularity are met with respect to both the federal securities and RICO claims. Thus, the complaint sufficiently alleges the specific dates and locations of the alleged misrepresentations and fraudulent acts. Plaintiffs also sufficiently allege the context of the misrepresentations. The complaint alleges that the defendants in a series of transactions, solicited and accepted approximately $944,000 from plaintiffs which after numerous demands by the plaintiffs was never returned. The complaint also alleges in detail the date, specific dollar amount, and the type of security involved in each transaction. The alleged purchases of securities by the defendants for the plaintiff's account included: Conrail stock, Organogenesis stock and warrants, and a limited partnership interest in State Partners.

Baggs in his supporting memorandum, objected to the use of "all defendants" in the complaint for failing to attribute particular fraudulent acts to each individual defendant. In addition Baggs asserts the allegations concerning his membership in a "control group," as defined by section 20(a) of the Securities and Exchange Act of 1934, was not sufficiently particularized. Here, the defendants are a narrowly defined group of principals all of whom had direct involvement in the day to day affairs of Investment Council entities. During the relevant period in question, the representations made to the plaintiffs were made by DiIanni and other agents operating through various Investment Council entities including ICAI and ICII of which

Baggs was either the owner, principal or agent. Baggs was the original founder and owner of ICAI and ICII until the companies were later sold in 1986 (ICAI) and February, 1987 (ICII). After the sale, Baggs continued to represent himself as principal on Investment Council documents and correspondence. The additional particularity desired by the defendant, regarding the exact role Baggs played in the scheme to defraud and the control issue should be left for discovery and is not required to be alleged in the complaint under Rules 8 and 9(b). *See New England,* 829 F.2d at 290; *Wayne Inv.,* 739 F.2d at 13; *see also Wool v. Tandem Computers Inc.,* 818 F.2d at 1439. In such cases, the particularity requirement is satisfied if the allegations are accompanied by a statement of the facts upon which the belief is founded. To further support their claims, the plaintiffs have supplied the Court with their complaint, copies of various trading records, confirmation of receipt of funds by wire and copies of limited partnership agreements. Therefore, the plaintiffs have pleaded each alleged misrepresentation and fraudulent act with particularity, and where possible, plaintiffs have extended such particularity to the individual defendants including defendant Baggs.

Defendant claims, in addition, that plaintiffs' alleged RICO claims fail to satisfy the specificity requirement. As outlined in the above discussion, the complaint alleges that defendants on a number of occasions made intentional material misrepresentations to the plaintiffs. The complaint sets forth in detail the specific time, place, method of interstate commerce used, and subject matter of the alleged fraud. The plaintiffs by setting out a general scheme of fraud supported by specific facts including the use of interstate commerce, therefore, alleged the RICO violations with sufficient particularity to satisfy Rule 9. Thus, with respect to both the federal securities and RICO claims the plaintiffs have pleaded the circumstances of the fraud with enough detail to provide defendant Baggs with more than adequate notice of the claims against him and the circumstances from which they arise.

## III.

The plaintiffs' complaint also contains alleged conversion, money had and received, misrepresentation, negligence, and violations of Massachusetts blue sky statutes. Defendant Baggs asks this court to dismiss the pendent state statutory and common law claims if the federal securities and RICO claims are dismissed. At this stage, the state counts should remain pendent claims because the federal counts will not be dismissed.

## IV.

In summary, the complaint filed by the plaintiffs in this action sufficiently apprised the defendant of the allegations against him including the specific factual basis for the plaintiffs' federal securities and RICO mail and wire fraud claims. Additionally, the complaint contains sufficient particularity to protect the defendant from unfair surprise and an unfounded strike suit. For all the reasons stated above, defendant Robert E. Baggs, Jr.'s motion to dismiss plaintiffs' claims should be denied on all Counts.

Order accordingly.