422 Mass. 459 . 459

Bielawski v. Personnel Administrator of the Division of Personnel Administration.

FRANCIS M. BIELAWSKI vs. PERSONNEL ADMINISTRATOR OF THE DIVISION OF PERSONNEL ADMINISTRATION & others.[1]

Norfolk. January 11, 1996. - April 17, 1996.

Present: LIACOS, C.J., ABRAMS, LYNCH, O'CONNOR, & FRIED, JJ.

*Civil Service,* Decision of Civil Service Commission, Judicial review, Police. *Practice, Civil,* Review respecting civil service. *Jurisdiction,* Superior Court. *Administrative Law,* Agency. *Police,* Promotional examination. *Due Process of Law,* Employment, Substantive rights. *Constitutional Law,* Equal protection of laws.

A Superior Court judge correctly dismissed, for lack of jurisdiction, claims against an appointing authority and the Civil Service Commission for alleged violations of the requirements of the civil service statute, G. L. c. 31, where the plaintiff did not seek relief in the nature of certiorari, the appropriate method of review [463-464]; moreover, even if the plaintiff's claim were treated as seeking relief in the nature of certiorari, the decision of the commission contained no legal error and was supported by the evidence [464-465].

A plaintiff in a civil action did not demonstrate any protected property interest in a promotion under the Civil Service statute, G. L. c. 31, so as to invoke constitutional protections; in any event, the statutory scheme was more than sufficient to satisfy the requirements of due process. [465-466]

Asserted constitutional claims raised with particularity for the first time on appeal were properly dismissed by the trial judge. [466-468]

CIVIL ACTION commenced in the Superior Court Department on September 19, 1986.

The case was heard by *Charles F. Barrett,* J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Gregory V. Sullivan* for the plaintiff.

*Peter Sacks,* Assistant Attorney General, for Personnel Administrator of the Division of Personnel Administration & another.

*John V. Woodard* for Board of Selectmen of Dedham.

FRIED, J. This action arises from five separate decisions by the board of selectmen of Dedham (selectmen) to "bypass" the plaintiff pursuant to G. L. c. 31, § 27 (1994 ed.), for a promotion from patrolman to sergeant. The plaintiff com-

[1] The board of selectmen of Dedham and the Civil Service Commission.

plains that the actions of the appointing authority and the Civil Service Commission (commission) in regard to these bypasses violated the requirements of the civil service statute, G. L. c. 31, and infringed his "civil rights" as protected by the State and Federal Constitutions. A Superior Court judge granted the defendants' motion for summary judgment in December, 1993. The plaintiff appealed from this decision. We transferred the case here on our own motion, and now affirm.

I

The plaintiff has been employed by the town of Dedham as a permanent police officer since 1978. On April 19, 1986, the Department of Personnel Administration conducted an examination to establish a list of eligible candidates for promotion to the rank of sergeant in the Dedham police department. The plaintiff received an 87, the highest score on the exam. The personnel administrator then certified a list of candidates to the selectmen. The plaintiff appeared on the top of the list. The list also contained the following persons and scores as they appeared on the certified list: Richard McCarthy, 85; Anthony DeFalco, 84; Edward St. George, 84; Michael Weir, 84; and Richard Keane, 83.

On September 11, 1986, the selectmen voted to promote Weir to the position of sergeant.[2] General Laws c. 31, § 27, provides that, when a candidate who appears higher on the certified list is bypassed for appointment in favor of another candidate, the appointing authority must submit a statement of reasons for the bypass to the personnel administrator. The selectmen explained that it promoted Weir because of his extensive volunteer work in organizing safety classes. On September 19, 1986, the plaintiff filed a complaint in the Superior Court challenging the selectmen's justification for their bypass decision. The plaintiff argued that the selectmen failed to analyze the candidates' personnel files in making their selection, that they did not interview the candidates, and that they made their selection arbitrarily. The parties agreed to stay this proceeding pending the commission's resolution of the issue. The personnel administrator approved the selectmen's reasons for the bypass. On November 18, 1987,

---

[2]The selectmen are the appointing authority.

the commission voted to affirm the personnel administrator's decision, and on December 31, 1987, the plaintiff amended his complaint in the Superior Court to include a challenge to the commission's affirmance as a violation of G. L. c. 31, § 44, and G. L. c. 30A, § 14 (7) (*a*)-(*g*).

On April 13, 1988, the selectmen voted to bypass the plaintiff again. The selectmen explained that McCarthy, the officer whom they had promoted, was the best qualified candidate because of his union activities, his community work as a deputy sheriff, and because this promotion would improve morale in the police department. The personnel administrator again accepted the selectmen's reason for bypass. The plaintiff appealed from this determination to the commission pursuant to G. L. c. 31, § 2 (*b*). While this appeal was pending, the selectmen bypassed the plaintiff a third time on September 2, 1988, and a fourth and fifth time on May 13, 1989, thereby promoting all of the six candidates on the 1987 certified list except the plaintiff. On each occasion, the plaintiff appealed from the bypass to the commission pursuant to G. L. c. 31, § 2 (*b*).[3]

On March 11, 1991, the commission overturned the personnel administrator's affirmance with respect to the second bypass. The fourth and fifth bypasses, although they had taken place, were not before the commission at that time. The commission stated that "the reasons for his non-selection range from the irrelevant to the ridiculous" and that

> "[a]fter carefully reviewing the voluminous testimony and evidence presented in this matter, the Commission concludes that the [plaintiff's] bypass was unjustified and should be overturned. . . . Accordingly, the Commission directs that [the plaintiff]'s eligibility for Sergeant be revived, if necessary, and that he be placed at the top of the next certification of candidates for the position of Dedham Police Sergeant; that the Town of Dedham be directed to refrain from using impermissible reasons for bypassing [the plaintiff] for promotion to Sergeant; and that if and when he is promoted to Sergeant, his promotion date be made retroactive to April 13, 1988, the ef-

---

[3]Although the selectmen bypassed the plaintiff five times, the record only refers to four appeals because the commission treated the fourth appeal as pertaining to both the fourth and fifth bypasses.

fective date of Officer McCarthy's promotion to Sergeant."[4]

In November 14, 1991, the commission then dismissed the plaintiff's appeal regarding the fourth and fifth bypass stating that its decision regarding the second bypass had disposed of the issues raised in these appeals, presumably because the remedy it had chosen — placement at the top of the next certification of candidates together with retroactive seniority when and if the plaintiff is selected — could only operate prospectively on selections that had not yet been made.[5] In 1995, the selectmen promoted the plaintiff to the rank of sergeant retroactive to April 13, 1988.[6]

As noted above, the original complaint and the first amended complaint challenged only the first bypass. In December, 1991,[7] the plaintiff sought leave to amend his complaint a second time to seek review of the commission's actions regarding the second through fifth bypasses. The plaintiff also sought to add a claim pursuant to 42 U.S.C. § 1983 (1988), alleging that the bypasses violated his "civil rights."[8] The defendants moved for summary judgment on the ground that the plaintiff's claims as amended are untimely pursuant to G. L. c. 249, § 4, and alternatively that the commission's decisions are supported by substantial evidence and

[4]It is important to note that placement at the top of the next certification of candidates does not guarantee selection, but does require the appointing authority to give reasons for selecting a lesser ranked candidate. G. L. c. 31, §§ 25-27 (1994 ed.).

[5]The record is not clear why the commission did not deal explicitly with the plaintiff's appeal from the third bypass although it was before the commission at the time of its March 11, 1991 decision, but we suppose that it considered that that appeal had been rendered moot for the same reason.

[6]Although not appearing in the record, plaintiff's counsel stated this at oral argument.

[7]Although the second amended complaint is dated November 6, 1991, the text of the complaint refers to the commission's decision of November 14, 1991. The defendants assert that the second amended complaint was filed in December, 1991, and that time reference is more consistent with the documents filed and exchanged at that time.

[8]The plaintiff seeks: (1) declaratory relief pursuant to G. L. c. 231A stating that the plaintiff is entitled to be made sergeant and that the selectmen violated G. L. c. 31, § 27, by their bypass of the plaintiff; (2) remand of the matter to the commission for proceedings consistent with this court's opinion; and (3) damages to compensate the plaintiff for the bad faith denial of his civil rights.

free from errors at law. The Superior Court judge granted the defendants' motion, stating that the court lacked jurisdiction to address the claims appealing the commission's decisions and that, even if the court's jurisdiction had been properly invoked, the commission had provided the plaintiff with all the relief its statutory authority allows. The court also granted summary judgment for the defendants in respect to the plaintiff's constitutional claims, ruling that no constitutionally protected property interest was implicated in the selectmen's decisions.

## II

The Superior Court judge was correct that that court lacked jurisdiction to review the decisions of the commission. The plaintiff's second amended complaint alleged that the appointing authority violated G. L. c. 31, § 27 (bypass provision),[9] and sought judicial review of the commission's decisions concerning all five bypasses pursuant to G. L. c. 31, § 44 (providing for judicial review of a § 42 or § 43 proceeding) and G. L. c. 30A, § 14 (7) (a)-(g) (judicial review of an agency's final decision). From 1986 through 1991, the time period during which the plaintiff filed his original complaint and amended complaints, his asserted grounds for judicial review did not afford him the right to seek review of the commission's decision in the Superior Court. First, the provision of the civil service statute invoked by the plaintiff, § 44, provided for judicial review of §§ 42 and 43 hearings only.[10] See Goldblatt v. Corporation Counsel of Boston, 360 Mass. 660, 663 (1971). Here the plaintiff is complaining of a violation of § 27 by the appointing authority and has obtained the commission's review pursuant to § 2 (b). Second, even if this had been a petition for § 44 review, at the time the plaintiff filed his complaint and amended it, such an action was required to be filed in either the Municipal or District Courts. Nor could the commission's decisions be reviewed pursuant to the State Administrative Procedure Act, G. L. c. 30A,

[9]General Laws c. 31, § 2 (b) (1986 ed.), permitted the commission to review actions of the personnel administrator taken under § 27. Section 2 (b) did not provide for an appeal from the commission's decision.

[10]In 1992, the Legislature amended the statute to provide for judicial review of all final decisions by the commission in the Superior Court. St. 1992, c. 138, § 351.

§ 14, since the definition of " 'Agency' . . . does not include . . . the civil service commission." G. L. c. 30A, § 1 (2). See *Mayor of Revere* v. *Civil Serv. Comm'n*, 31 Mass. App. Ct. 315, 327 (1991).

The appropriate method of review in this circumstance would have been for the plaintiff to seek relief in the nature of certiorari. See G. L. c. 249, § 4 (1994 ed.) (correct errors of law where statute provides no other method of review); *Goldblatt, supra* at 663; *Flynn* v. *Civil Serv. Comm'n*, 15 Mass. App. Ct. 206, 207 & n.3 (1983).[11] This is not an empty formality, but affects the substance of a reviewing court's authority. On a writ of certiorari, the court's review "is confined to the record and is for the purpose of correcting legal error, [and therefore] the inquiry about the presence or absence of genuine issues of material fact, germane to summary judgment procedure, is inappropriate. . . . [The reviewing court] need only inquire whether the commission's decision was 'legally tenable and supported by substantial evidence on the record as a whole.' " *Gloucester* v. *Civil Serv. Comm'n*, 408 Mass. 292, 297 (1990), quoting *Commissioner of Health & Hosps. of Boston* v. *Civil Serv. Comm'n*, 23 Mass. App. Ct. 410, 411 (1987). See G. L. c. 31, § 2 (*b*); *Mayor of Revere, supra* at 319-322.

Even if, as the defendants suggested to the court below, we treat the plaintiff's claim as one for certiorari, he fares no better. The commission did not commit an error of law by its decisions in this case. The commission supported its decision to affirm the Weir bypass with substantial evidence and the decision was free of legal error. Weir was tied for third on the certified list and the selectmen provided the personnel administrator with the reasons for their bypass. The reasons submitted legitimately distinguished Weir from the plaintiff and were amply supported by documentation and testimony. Finally, the record provides no support for the plaintiff's

---

[11]Declaratory relief pursuant to G. L. c. 231A, which the plaintiff also sought, cannot be used as a substitute remedy for an action in the nature of a writ of certiorari to review the merits of a discretionary decision made by the commission, and was properly denied. See *Goldblatt* v. *Corporation Counsel of Boston*, 360 Mass. 660, 664 (1971). Cf. *Konstantopoulos* v. *Whately*, 384 Mass. 123, 128-129 (1981) ("declaratory relief . . . is not a substitute remedy for an action in the nature of a writ of certiorari to review the merits of a discretionary decision made by licensing authorities").

contention that the commissioner's rulings at the hearing were erroneous.

As to the plaintiff's challenge to the second bypass,[12] we conclude that the commission's decision was not erroneous.[13] That decision was in the plaintiff's favor. The commission ordered that the plaintiff be placed at the top of the next certification of candidates and provided that he would be given an effective seniority date retroactive to the improper bypass. The plaintiff complains, however, that the commission, by failing to order his promotion, did not do enough. Although the commission's remedy did not correspond in tone and vigor with its rebuke of the appointing authority, this would not be that rare case in which the courts will second guess the commission's choice of remedy even if the appeal from the commission had been properly before the court. See *Mayor of Revere, supra* at 319-320; *Goldblatt, supra* at 666 ("A judicial judgment should 'not be substituted for that of . . . [a] public officer' who acts in good faith in the performance of a duty"), quoting *M. Doyle & Co.* v. *Commissioner of Pub. Works of Boston*, 328 Mass. 269, 271-272 (1952). Moreover, because the plaintiff has since been promoted to sergeant with retroactive seniority, this aspect of the plaintiff's complaint is now moot.[14]

## III

### A

The plaintiff also makes a constitutional claim asserting that the commission and the personnel administrator deprived him of property without due process of law in violation of

---

[12]For a discussion of the commission's disposition of the third bypass, see note 5, *supra.*

[13]The plaintiff failed to file his second amended complaint within sixty days of the commission's decision of March 11, 1991, as required by statute. G. L. c. 249, § 4 (1994 ed.). Such a "serious misstep" is grounds for dismissal. See *Pidge* v. *Superintendent, Mass. Correctional Inst. Cedar Junction*, 32 Mass. App. Ct. 14, 18 (1992). But even if we ignored this procedural defect as well, it would avail the plaintiff nothing.

[14]For the same reason, the commission's decision to consider its March 11 decision dispositive of the plaintiff's appeal of the fourth and fifth bypasses was not an error of law, as the relief afforded in the March 11 decision was sufficient to remedy any errors in regard to the fourth and fifth bypasses.

art. 11 of the Declaration of Rights of the Massachusetts
Constitution and the Fifth and Fourteenth Amendments to
the United States Constitution. With respect to the Federal
constitutional claim, the plaintiff has premised his claim on
42 U.S.C. § 1983. "The requirements of procedural due pro-
cess apply only to the deprivation of interests encompassed
by the Fourteenth Amendment's protection of liberty and
property." *Regents of State Colleges* v. *Roth*, 408 U.S. 564,
569 (1972).[15] Here, the plaintiff asserts a property interest in a
promotion by virtue of his name appearing on the top of the
certified list, his high score,.or his expectations built up over
years of long service. These interests, however, are insufficient
to create a property interest in a promotion because each is
subject to qualification by the statutory scheme and none
guarantees him a promotion at a certain date or upon a
specific event. See *Bishop* v. *Wood*, 426 U.S. 341, 344-345
(1976); *Kelleher* v̇. *Personnel Adm'r of the Dep't of Personnel
Admin.*, 421 Mass. 382, 389 (1995). Even if these expecta-
tions did rise to the level of a protected property interest, the
protection would only assure plaintiff of appropriate proce-
dures to meet the requirements of due process. See *Mathews*
v. *Eldridge*, 424 U.S. 319 (1976); *Goldberg* v. *Kelly* 397 U.S.
254 (1970). The procedural scheme requiring approval by the
personnel administrator, allowing an appeal to the commis-
sion, and providing for limited judicial review is more than
sufficient to satisfy the requirements of due process.

### B

The plaintiff's initial complaint asserted that "[t]he denial
to the plaintiff of promotional advancement based on the
dictates of general laws constitutes the denial of a property
right, the denial of his rights to due process of law, to equal
protection of the law and is an unlawful violation of his right
to engage in protected union activities." His second amended
complaint stated the claim as a "bad faith denial of civil

---

[15]"[W]e have treated the procedural due process protections of the
Massachusetts and United States Constitutions identically." *Liability
Investigative Fund Effort, Inc.* v. *Massachusetts Medical Professional Ins.
Ass'n*, 418 Mass. 436, 443, cert. denied, 115 S. Ct. 666 (1994) (citing cases).
Other than his reference in his complaint, see note 16 *infra*, the plaintiff
has not asserted a violation of his State constitutional rights independently
from his Federal constitutional rights.

rights violative of the Constitution[s of] the Commonwealth of Massachusetts and of the United States of America, and Section 1983 of Title 42 of the United States Code." The plaintiff raised his constitutional claims in his brief to the Superior Court in no more specific terms than asserting a violation of "civil rights." The Superior Court judge discussed the plaintiff's constitutional claim only as one raising the question of procedural due process. In his brief to this court, the plaintiff discusses for the first time with particularity his substantive due process and equal protection claims against the selectmen.

It is not clear exactly what substantive due process right the plaintiff has in mind. He appears to make the claim — quoting the language of the Supreme Court in *Rochin* v. *California*, 342 U.S. 165, 172 (1952) — that, whenever a government agent's conduct shocks the conscience, or offends the community's sense of fair play and decency, a substantive violation of a constitutional right may be found. Of course, neither this court nor the Supreme Court have ever endorsed quite so open-ended a charter to interfere in and condemn the actions of other government agents. *Rochin* itself involved the forcible emptying of a man's stomach to obtain evidence for use against him in a criminal prosecution. Today, such an action would be measured by the Fourth Amendment's guarantee against unreasonable searches and seizures. See, e.g., *National Treasury Employees Union* v. *Von Raab*, 489 U.S. 656, 665 (1989) (drug testing of government employees); *Winston* v. *Lee*, 470 U.S. 753, 758-763 (1985) (surgical removal of bullet from accused). However dubious and even deplorable the behavior of the selectmen toward the plaintiff, it obviously does not rise (or sink) to the level of an imposition condemned under the rubric of substantive due process.

The newly articulated equal protection claim is similarly without merit. The plaintiff offers virtually no argument to this point and the one authority he cites to support it, *Snowden* v. *Hughes*, 321 U.S. 1 (1944), shows the insubstantiality of the claim. In *Snowden* the plaintiff complained that a State board acted in violation of State law in failing to certify the plaintiff as one of the Republican nominees in the election to the State legislature and thus denied him the equal protection of the laws. The Court rejected this claim, stating: "petitioner disclaimed any contention that class or racial discrimination

is involved. The insistence is rather that the Board, merely by failing to certify petitioner as a duly elected nominee, has denied to him a right conferred by state law and has thereby denied to him the equal protection of the laws . . . . But not every denial of a right conferred by state law involves a denial of the equal protection of the laws, even though the denial of the right to one person may operate to confer it on another." *Id.* at 7-8. This states the important proposition that a violation of State law cannot without more be converted into a Federal equal protection claim any more than it can be converted into a Federal due process claim. The reference in *Snowden* to the requirement of an "element of intentional or purposeful discrimination," *id.* at 8, which the plaintiff quotes in his brief, in context refers to actions that evidence some constitutionally improper classification, as in racially based exclusions from a jury or "a *systematic* under-valuation of the property of some taxpayers and *systematic* overvaluation of the property of others, so that the practical effect of the official breach of law is the same as though the discrimination were incorporated in and proclaimed by the statute" (emphasis supplied). *Id.* at 9. The plaintiff has not made such a showing here.

For these reasons, the judgment of the Superior Court is affirmed.

*So ordered.*