Cowin, J.
INTRODUCTION
On April 26, 1996, the plaintiff, Town of Dedham (Town), filed a motion to vacate an arbitration award pursuant to G.L.c. 150C, §11. In opposition, the defendant, Dedham Police Association (Lieutenants and Sergeants)[1] (Association), brought a counterclaim to confirm and enforce the arbitration award pursuant to G.L.c. 150C, §10. On November 5, 1996, this matter came before the Court for hearing on the Town’s motion to vacate the arbitration award. For the reasons stated below, the Town’s motion to vacate the arbitration award is ALLOWED.
BACKGROUND
The following facts are not in dispute. Francis Bielawski was initially appointed as a permanent intermittent police officer in the Dedham Police Department on December 30, 1975. He resigned on April 9, 1976 and was reappointed as a permanent intermittent police officer on February 11, 1977. On June 30, 1978, he was appointed as a permanent police officer.
In 1986, Officer Bielawski sought promotion to the rank of sergeant. On September 11, 1986, he was first on a list of five officers certified as eligible for promotion but the selectmen[2] voted to bypass him in favor of an officer who was third on the list. On April 13, 1988, the selectmen also voted to bypass Officer Bielawski for promotion to sergeant by an officer who was second on the list. Officer Bielawski was bypassed for promotion to sergeant by officers below him on the eligibility list on three further occasions, once on September 2, 1988 and a second and third time on May 13, 1989. On each of these occasions, a statement of reasons for the bypass was filed by the appointing authority as required by statute.[3] Officer Bielawski appealed each of these five bypasses to the civil service commission (commission) pursuant to G.L.c. 31, §2(b).[4],[5]
On November 18, 1987, the commission voted to affirm the personnel administrator’s decision to approve the selectmen’s reasons for the September 11, 1986 bypass.[6] However, on March 11, 1991, the commission overturned the personnel administrator’s affirmance with respect to the second bypass. The commission stated that “the reasons for his non-selection range from the irrelevant to the ridiculous” and that
[a]fter carefully reviewing the voluminous testimony and evidence presented in this matter, the Commission concluded that [Officer Bielawski’s] bypass was unjustified and should be overturned... Accordingly, the Commission directs that Officer Bielawski’s eligibility for Sergeant be revived, if necessary, and that he be placed at the top of the next certification of candidates for the position of Dedham Police Sergeant; that the Town of Dedham be directed to refrain from using impermissible reasons for bypassing Officer Bielawski for promotion to Sergeant; and that if and when he is promoted to Sergeant, his promotion date be made retroactive to April 13, 1988, the effective date of Officer McCarthy’s [the person who was second on the list] promotion to Sergeant.
On November 14, 1991, the commission dismissed Officer Bielawski’s appeals relative to the subsequent bypasses stating that its decision regarding the second bypass had disposed of the issues raised in these appeals.
On February 23, 1995, the Department of Personnel Administration directed that Officer Bielawski’s name should appear as the number one person on the eligible list.[7] Accordingly, Officer Bielawski’s name was added to the certification dated February 27, 1995 for the position of permanent full-time police sergeant. Subsequently, Officer Bielawski was appointed as sergeant by vote of the selectmen on March 9, 1995. In a letter from the Department of Personnel Administration dated May 10, 1995, the selectmen were advised that in accordance with the March 11, 1991 commission decision, the effective date of Officer Bielawski’s promotion to sergeant should be retroactive to April 13, 1988. On March 17, 1995, the lieutenants and sergeants in the Dedham Police Department, in order of seniority, indicated their choice for shift assignments to be effective April 1, 1995. Officer Bielawski *244 was given preference in choice of shift assignment based on his April 13, 1988 promotion date granted by the commission’s decision.
On March 14, 1995, the Association filed a grievance with the Chief of Police of Dedham in accordance with' the grievance procedure in the collective bargaining agreement between the Town and the Association.[8] The Association protested the Town’s use of the April 13, 1988 retroactive promotion date for Officer Bielawski for purposes of shift and vacation preference under Articles VII[9] and XVII[10] of the collective bargaining agreement. On April 13, 1995, the selectmen notified the Association that it denied the grievance.[11] Accordingly, the grievance was submitted by the Association to the American Arbitration Association. The arbitrator, Marcia Greenbaum, was mutually selected by the parties designated by the American Arbitration Association. The arbitrator issued her award on March 22, 1996, ruling that the grievance filed by the Association was granted. Specifically, the award stated:
The remedy is to record Sgt. Francis Bielawski’s seniority date as the date he was appointed by the Dedham Board of Selectm[e]n to the rank of sergeant, namely March 9, 1995. This the date [sic] that shall be used for purposes of contractual seniority including vacation picks under Article VII, preference for shift assignment under Article XVII, and any other provisions where contractual seniority is used, except where the matter, e.g., layoff and recall, is governed by Civil Service law.
The Town now comes before this Court seeking to vacate the March 22, 1996 arbitration award.
DISCUSSION
“Judicial review of an arbitration award proceeds with a disposition strongly favorable to the arbitration process.” Fall River v. Teamsters Union, Local 526, 27 Mass.App.Ct. 649, 651 (1989). The reviewing court does not reexamine determinations of fact or law except in the limited circumstances set forth in G.L.c. 150C, §11.[12] Id. (Citations omitted.) One of those circumstances is when an arbitrator exceeds her powers. G.L.c. 150C, §11 (a)(3). The issue before this Court is whether the arbitrator exceeded her authority by deciding that 'Officer Bielawski’s seniority date for purposes of seniority preferences for vacations and shift assignments under the collective bargaining agreement was the date he was appointed by the selectmen to the rank of sergeant, March 9, 1995, instead of the retroactive date, April 13, 1988, stated by the commission. (The retroactive date was the date of the improper bypass pursuant to the commission’s decision.)
General laws c. 150E, §7(d) lists all the statutes that are to be considered subordinate to municipal collective bargaining agreements. The civil service law, G.L.c. 31, is not one of the statutes enumerated in said section and, therefore, may not be superseded by a collective bargaining agreement. Fall River v. Teamsters Union, Local 526, 27 Mass.App.Ct. 649, 651 (1989).
In Article III and Article XIV of the collective bargaining agreement, the Town and the Association recognize the precedence of the civil service law over the agreement. Article III, entitled “Precedence of Laws and Regulations,” states in part: “In administration of all matters covered by this Agreement, the EMPLOYER, ASSOCIATION, officials and employees are governed by the provisions of any existing or future laws and regulations ...” Moreover, Article XTV, which is entitled “Grievance Procedure,” specifically excludes from the grievance procedure matters that are subject to the provisions of the civil service board.
Officer Bielawski’s promotion date, awarded him by the commission in" order to remedy past violations of his right to be promoted to sergeant, falls clearly within the scope of the civil service statute. Specifically, G.L.c. 31, §27 encompasses bypasses in appointments or promotions and delineates the manner of selection. Officer Bielawski complained of a violation of G.L.c. 31, §27 by the appointing authority and obtained the commission’s review pursuant to G.L.c. 31, §2(b) . The commission determined that the reasons of the administrator for the second bypass were inadequate. Accordingly, the commission ordered that Officer Bielawski be placed at the top of the next certification of candidates and provided that he would be given an effective seniority date retroactive to the improper bypass.
If the arbitration award were allowed to stand, Officer Bielawski would be deprived of the rights guaranteed to him by the civil service statute. While the arbitrator ruled that the effect of the commission’s decision was to grant Officer Bielawski retroactive seniority for purposes of layoff and recall, the commission did not indicate any such limitation in its decision. Moreover, §33 of the civil service statute, which encompasses the issue of seniority, does not appear to limit its application. Recognizing seniority for purposes of shift selection and vacation is equally important to remedy the effects of the improper bypass.
Conceding that vacation and shift assignments are governed by the contract, the contract nevertheless keys them to seniority. In doing so, it implicitly assumes that seniority has been properly determined. The commission has statutory authority to determine when seniority has not been properly determined and it has done so in this case. Therefore, for purposes of the contract, the 1988 seniority date applies to everything; a contrary conclusion makes no sense. The arbitrator’s decision says that the parties were prepared to have an employee’s rights determined on the basis of unlawful seniority decisions. Such cannot be the case.
Accordingly, the arbitrator exceeded her authority in limiting the commission’s decision. Therefore, the arbitration award must be vacated and the *245 commission’s decision governs Officer Bielawski’s seniority status for all relevant purposes, including shift assignments and vacations.
ORDER
For the foregoing reasons it is hereby ORDERED, that the Town of Dedham’s motion to vacate the arbitration award is ALLOWED. Judgment is to enter for the Town of Dedham. Judgment is also to enter for the Town of Dedham on the counterclaim of the Dedham Police Association. All relevant parties are enjoined from any action inconsistent with the civil service commission’s decision.

The Dedham Police Association (Lieutenants and Sergeants) is a labor organization as defined in G.L.c. 150A, §5. The Association is the exclusive bargaining representative for all lieutenants and sergeants in the Dedham Police Department.

The selectmen are the appointing authority.

General laws c. 31, §27, provides that when a candidate who appears higher on the certified list is bypassed for appointment in favor of another candidate, and the person whose name is highest is willing to accept such appointment, the appointing authority must immediately file a written statement to the personnel administrator stating the reasons for appointing the person whose name was not highest on the list. The appointment will only become effective when the statement of reasons for the bypass is received by the administrator.

General laws c. 31, §2(b) empowers the commission to hear and decide appeals by a person aggrieved by any decision, action or failure to act by the administrator, with limited exceptions.

Although the selectmen bypassed Officer Bielawski five times, the commission treated the fourth appeal as pertaining to both the fourth and fifth bypasses. Bielawski v. Personnel Administrator of the Division of Personnel Administration, 422 Mass. 459, 461 n.3 (1996).

On September 19, 1986, at the time of the first bypass, Officer Bielawski filed a complaint in the Superior Court challenging the selectmen’s justification for their bypass decision. On December 31, 1987, Officer Bielawski amended his complaint to include a challenge to the commission’s affirmance as a violation of G.L.c. 31, §44, and G.L.c. 30A, §14(7)(a)-(g). Four years later, Officer Bielawski amended his complaint a second time to seek review of the commission’s actions regarding the subsequent bypasses. Officer Bielawski also added a claim pursuant to 42 U.S.C. §1983 (1988) alleging that the bypasses violated his civil rights. In sum, the relief sought by Officer Bielawski included: (1) declaratory relief pursuant to G.L.c. 231A stating that he was entitled to be made sergeant and that the selectmen violated G.L.c. 31, §27 by their bypass of the plaintiff; (2) remand of the matter to the commission for proceedings consistent with the Superior Court declaration once it was rendered; and (3) damages to compensate him for the bad faith denial of his civil rights. Bielawski v. Personnel Administrator of the Division of Personnel Administration, 422 Mass. 459, 461-62 (1996).
The Superior Court granted the defendant’s motion for summary judgment stating that the Court lacked jurisdiction. However, the Court noted that even if it had jurisdiction, the commission had provided Officer Bielawski with all the relief its statutory authority allows. The Court also granted summary judgment for the defendants with respect to Officer Bielawski’s constitutional claims, ruling that no constitutionally protected property interest was implicated in the selectmen’s decisions. Id. at 463. The Supreme Judicial Court affirmed the judgment of the Superior Court. Bielawski, 422 Mass. 459 (1996).

No reason is provided by the parties for the delay between the 1991 resolution of Bielawski’s cases by the commission and the 1995 directive that Bielawski’s name appear as the number one person on the eligible list.

he Town and the Association are parties to a collective bargaining agreement effective July 1, 1994 through June 30, 1997.

Article VII, Vacations, states:
All regular, full-time employees of the Police Department are entitled to periods of vacation with pay. Vacation entitlements for individual employees will be computed from the original date of hire provided such service has been continuous, without interruption, except by authorization of the Personnel Board. Entitlements will be calculated and accrued for no longer than one year at a rate of days, and/or fractions thereof, per month during the years commencing with the anniversary of original hire.
The Vacation Year shall be the same as the fiscal year of the Town, from July 1 through June 30 of the following year, and all vacations taken during this period will be in accordance with department scheduling procedures. Vacation time may not be accumulated beyond the Vacation Year. Compensation in lieu of vacation will not be approved.
It is the responsibility of the Department Head to insure that vacations are taken within the Vacation Year. Employees may accrue, but not take vacation time during the first six months of employment.
The Vacation Entitlement Year shall be the ten-month period from September 1 through June 30 of the following year. The rate of vacation accrual shall be (1) working day per month. New employees hired on the first through the fifteenth of any month will receive one day’s entitlement for that month; no entitlement for the month will be received if a new employee is hired on the sixteenth through the thirty-first of any month.
After five (5) years of continuous service to the Town as measured from the original date of hire, the entitlement rate for the ten-month entitlement period shall be at one and one-half (IV2) days per month. After ten (10) years of service measured as above, the rate shall be two (2) days per month. After twenty-two (22) years of service measured as above, the rate shall be two and one-half (2V2) days per month.
The intent herein is to grant ten working days of vacation per year for employees with ten months to five years of service; fifteen working days for five to ten years; twenty working days for ten to twenty-two years; and twenty-five working days for more than twenty-two years of service. In case of any conflicting calculation, the days per month method of computation will govern.
All vacation for employees hereunder shall be chosen in accordance with seniority within rank. Vacations may be taken at any time throughout the year on a single-day or multi-day basis, unless an emergency exists. A total of two (2) line Superior Officers may be allowed vacation on any given day.
One week of vacation may be carried forward to the subsequent year but in no circumstances will it exceed that amount.

Article XVII, Shift Preference, states:
Members of the bargaining unit holding the rank of sergeant or lieutenant shall have the right to pick a shift to which he will be permanently assigned based upon seniority by appointment within rank and the order of appointment within rank. This pick shall be in force for a period *246 of six (6) months. At the end of the six-month period, there shall be a new pick. The selection process shall take place on April 1 and October 1 of each year. In filling vacancies within the rank of sergeant or lieutenant from the day shift to the night shift, or from the night shift to the day shift, that sergeant or lieutenant with the most seniority within rank shall be given preference in filling said vacancy, providing that sergeant or lieutenant has made application for such vacancy.

Although it appears that the Association followed the appropriate steps in the grievance process, which are outlined in Article XIV of the collective bargaining agreement, the materials before the Court do not clearly illustrate each step taken by the Association. The appropriate procedure for alleged violations of the collective bargaining agreement involve four steps. Step 1 of the grievance process states that grievances may first be presented to the superior officer involved. Step 2 states that if the grievance is not resolved in Step 1, the grievance shall then be reduced to writing by the Association and presented to the Chief of Police. Step 3 provides that if the grievance is not resolved in Step 2, the grievance committee may refer the complaint to the Board of Selectmen. Step 4 allows the parties to submit the matter to arbitration if the grievance is not adjusted satisfactorily in Step 3.

General laws c. 150C, §11 states that upon application of a party, the Superior Court shall vacate an arbitrator’s award if:
(1) the award was procured by corruption, fraud or other undue means;
(2) there was evident partiality by an arbitrator appointed as a neutral, or corruption in any of the arbitrators, or misconduct prejudicing the rights of any party;
(3) the arbitrators exceeded their powers or rendered an award requiring a person to commit an act or engage in conduct prohibited by state or federal law;
(4) the arbitrators refused to postpone the hearing upon a sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section five as to prejudice substantially the rights of a party;
(5) there was no arbitration agreement and the issue was not adversely determined in proceedings under Section two and the party did not participate in the arbitration hearing without raising the objection; but the fact that the award orders reinstatement of an employee with or without back pay or grants relief such that it could not grant or would not be granted by a court of law or equity shall not be grounds for vacating or refusing to confirm the award.
G.L.C. 150C, §11 (a)[l)-(5).