Borenstein, J.
This matter comes before the Court on plaintiffs and defendant’s cross-motions for summary judgment. The plaintiff, Winning Homes, Inc. (“Winning Homes”), has moved for summary judgment on the grounds that there is no genuine issue of material fact in dispute and pursuant to Mass.R.Civ.P. 56(c), they are entitled to judgment as a matter of law on Counts I — IV of their complaint.[1] Based on a thorough examination of the record and a hearing before me, for the reasons set forth below, the plaintiffs motion for summary judgment is DENIED.
The defendant, Lexington Conservation Commission (“Commission”), has moved for summary judg *561 ment on the grounds that there is no genuine issue of material fact in dispute and pursuant to Mass.R.Civ.P. 56(c), they are entitled to judgment as a matter of law on Counts I — IV of plaintiffs complaint. Based on a thorough examination of the record and a hearing before me, for the reasons set forth below, the defendant’s motion for summary iudgment is ALLOWED.
BACKGROUND
According to the summary judgment record, the following facts are undisputed:[2] on November 27, 1996, Winning Homes filed a Notice of Intent (“NOI”) with the Commission to develop a residential subdivision on a parcel of land in Lexington, Massachusetts. Winning Homes filed the NOI pursuant to Lexington General By-Law, Article XXXIII, General By-Law for Wetlands Protection (“General By-Law”), §1, and the Rules (“Rules”) adopted by the Commission pursuant to By-Laws Article XXX3II, General By-Law for Wetlands Protection, §4(2)(A).
The General By-Law and the Rules require the Commission to “hold a public hearing on the proposed activity within thirty (30) days of the receipt of the [NOI].” General By-Law, §2; Rules, §4(2)(B). The General By-Law and the Rules also state that the Commission shall provide notice of the public hearing in a newspaper of general circulation in Lexington not less than five (5) days before the hearing. General By-Law, §2; Rules, §4(2)(B).
The Commission consists of seven (7) members. On December 20, 1996, the Commission placed a notice in the Boston Herald announcing that plaintiffs hearing was scheduled for December 27, 1996. On that date, three (3) members of the Commission and the Administrator, who is not considered a member of the Commission, convened and purported to open the hearing and vote to continue the hearing at a later date. No testimony was taken at this meeting.
Subsequent to the initial meeting, the Commission reconvened and ultimately denied plaintiffs order of Conditions sought by means of a NOI.
In March of 1997, plaintiff filed this action, in the nature of certiorari, alleging that defendant deprived Winning Homes of meaningful procedural rights and, as a result, the order of Conditions should be granted without conditions or the Commission should be deemed to have no further jurisdiction over this matter.
DISCUSSION
A motion for summary judgment is in order, and shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving parly is entitled to a judgment as a matter of law.” Mass.R.Civ.P. 56(c); Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). If the parties are disputing any material fact, summary judgment is improper. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “On a writ of certiorari, the court’s review is confined to the record and ‘is for the purpose of correcting a legal error, [and therefore] the inquiry about the presence or absence of genuine issues of material fact, germane to summary judgment procedure, is inappropriate . . . [The reviewing court] need only inquire whether the commission’s decision was "legally tenable and supported by substantial evidence on the record as a whole." ’ “ Bielawski v. Personnel Adm’r of the Div. of Personnel Admin., 422 Mass. 459, 464 (1996) (citations omitted).
A. Counts I and II— Failure to Hold a Public Hearing
In Count I of their complaint, plaintiff claims they were deprived of procedural rights when only three members of the seven-person commission purported to open the public hearing. Plaintiff contends that, because a quorum was not present at the initial meeting, the Commission did not have authority to act, therefore the initial meeting is void. Since the initial meeting is void, the Commission did not afford the plaintiff a hearing within the required thirty (30) days. As a result of this procedural error, Count II of plaintiffs complaint requests a constructive grant that defendant no longer has jurisdiction over this matter.
The parties do not dispute that a majority, or at least four of the seven commission members, constitute a quorum and that a quorum is required for the Commission to act. It is also not disputed that no evidence was heard at the initial meeting, the three members present merely opened the hearing and continued it until another date. The dispute in this case, concerning Counts I and II, is whether a quorum is required to open and continue a meeting until a later date. The General By-Law and the Rules are silent on this subject, hence the dispute.
In support of their motion for summary judgment, the defendant refers this Court to the State Wetlands Protection Act (“Act”), M.G.L.c. 131 §40, which provides that “[n]o conditions shall be imposed, nor shall any determination be rendered by a conservation commission [ ] unless the conservation commission meets with a quorum present.” According to the Act, a quorum must be present for a conservation commission to make “any determination,” however, the Act is silent as to whether a quorum is required to make ministerial decisions, such as opening or continuing a meeting. The defendant suggests that this silence should be interpreted as not precluding such activity.
Additionally, defendant points to a treatise cited by the plaintiff that states it is “generally accepted that a less number than a quorum may adjourn the meeting to another day for lack of a quorum, and that such action will be effective to give validity to the proceedings carried out at the adjourned meeting at which a *562 majority of the members were present.” 4 EUGENE MCQUILLIN, LAW OF MUNICIPAL CORPORATIONS §13.38.10 (Revised Vol. 1992). Finally, defendant cites various examples of other regulatory contexts where boards may take ministerial or nonsubstantive votes without a majority of members present.[3]
This Court finds defendant’s interpretation of the General By-Law and the Rules, as well as defendant’s reliance on other regulatory contexts, to be entirely appropriate. The regulations governing the Commission do not explicitly address the issue of whether a quorum is necessary to open and continue a hearing. The defendant specifically points to several Massachusetts Laws that permit various boards with less than a majority, or quorum, present to open and continue a meeting. This Court finds no reason why, in the absence of explicit language otherwise, similar behavior by the defendant should not also be considered appropriate. In fact, in the event that a quorum cannot be assembled, to deny the attending members of the Commission the right to vote to continue the meeting would be against public policy. One can imagine it will not always be possible to assemble enough persons to comprise a quorum, especially during the holiday season. As a safeguard, it is entirely reasonable to permit the members present to perform such ministerial tasks as opening and continuing the meeting to another date, so long as no evidence is taken.
Because this court finds the defendant did not violate their own regulations by continuing the hearing to a later date and, therefore, did not deprive the plaintiff of procedural rights, this Court denies the plaintiffs request for a constructive grant. The issue of jurisdiction is no longer relevant because plaintiff received a proper hearing and was not deprived of any procedural rights. Summary judgment for defendant, the Commission, is appropriate as to Counts I and II of plaintiffs complaint. Consequently, summary judgment for plaintiff, Winning Homes, as to Counts I and II is inappropriate.
B. Count III — Failure to Advertise in the Proper Newspaper
In Count III of their complaint, plaintiff requests declaratory relief to resolve the “uncertainty and/or controversy” as to whether defendant violated their own regulations by failing to advertise its public hearing in a newspaper of general circulation in the Town of Lexington. According to the plaintiff, the defendant should have advertised plaintiffs hearing in the Lexington Minuteman, the local newspaper, rather than the Boston Herald.
The General By-Law and the Rules state that the Commission shall provide notice of the public hearing in “a paper of general circulation in Lexington” not less than five (5) days before the hearing. Pursuant to these regulations, the Commission published notice of plaintiffs hearing in the Boston Herald on December 20, 1997. As a preliminary matter, since the hearing was scheduled for December 27, 1997, the defendant published notice of the hearing in a timely fashion. The question to be addressed is: What constitutes “general circulation” in the Town of Lexington?
Black’s Law Dictionary 683 (6th ed. 1990) defines “general circulation” as “that of a general newspaper only, as distinguished from one of a special or limited character. It is not determined by number of subscribers but by the diversity of subscribers and general nature of subject matter.” Additionally, in Commonwealth v. Crehan, 345 Mass. 609, 611 (1963), the Supreme Judicial Court (“SJC”) took “judicial notice that the newspapers mentioned [including the Boston Herald] are of general circulation in the Boston metropolitan area, which includes Cambridge, and elsewhere in Middlesex County.”
In light of the SJC’s holding in Crehan and the “general nature of the subject matter” reported by the Boston Herald, this Court finds that the Boston Herald is a newspaper of general circulation in the Town of Lexington. Id.
Further support for this Court’s finding is obtained by a literal reading of the General By-Law and the Rules. By specifying that notice of all hearings shall be published in “a paper of general circulation,” the regulations permit the commission to choose the paper in which to publish its advertisements, so long as the paper is one of general circulation. This Court believes if the intent were to limit publication to the local newspaper, the Lexington Minuteman, the ByLaws and the Rules would have been more specific as to indicate such an intention. As the Rules and the By-Law are devoid of any such indication, this Court declares that defendant Commission properly published notice of plaintiffs hearing in the Boston Herald and, thus, did not violate their own regulations. Summary judgment for defendant, the Commission, as to Count III is appropriate. Consequently, summary judgment for plaintiff, Winning Homes, as to Count II is inappropriate.
C. Count IV — Certiorari
In Count IV of their complaint, plaintiff alleges that defendant’s denial of plaintiffs order of Conditions is only reviewable by an appeal in the nature of certiorari.
Massachusetts case law clearly states that a writ of certiorari “is for the purpose of correcting legal error. [The reviewing court] need only inquire whether the commission’s decision was ‘legally tenable and supported by substantial evidence on the record as a whole.’ ” Bielawski, 422 Mass. at 464 (citations omitted).
After a thorough examination of the record, this Court finds no legal errors in need of reconciliation. The decision by the Commission was “legally tenable” and therefore should remain intact. It is not necessary for this Court to grant plaintiffs writ of certiorari.
*563 Because this Court made the preliminary determination that the Commission’s actions were appropriate, the issue as to whether defendant’s denial can only be reviewed by a writ of certiorari is now moot. Since there are no legal errors and certiorari is inappropriate, summary judgment should issue in favor of the defendant, Commission. Consequently, summary judgment for plaintiff, Winning Homes, is inappropriate.
ORDER
For the reasons set forth above, it is hereby ordered that plaintiffs, Winning Homes, Inc., motion for summary judgment be DENIED and defendant’s, Lexington Conservation Commission, motion for summary judgment be ALLOWED.

 Count I of plaintiffs complaint seeks relief in the nature of certiorari, pursuant to M.G.L.c. 249 §4, alleging that defendant denied plaintiff procedural rights by holding a public hearing without a quorum. Count II of plaintiffs complaint seeks a constructive grant that, because the defendant failed to hold a public hearing in a timely fashion, the defendant no longer has jurisdiction over the plaintiff. Count III of plaintiffs complaint seeks declaratory judgment, pursuant to M.G.L.c. 231A §1, that defendant failed to properly advertise its public hearing in a newspaper of general circulation in the Town of Lexington. Count IV of plaintiffs complaint alleges that defendant’s denial of plaintiffs order of Conditions is only reviewable by an appeal in the nature of certiorari.

 Since both parties agree that this case involves no disputed issues of fact, the Court’s statement of undisputed facts is taken largely from the parties’joint pretrial memorandum filed with this Court on September 15, 1997.

 The boards of the following groups are empowered to open or continue a meeting without a quorum: District Planning Commissions (M.G.L.c. 40B §4), Fire Safely Commission (M.G.L.c. 6 §200), the State Board of Building Regulations and Standards (M.G.L.c. 143 §93), Savings Bank Boards of Trustees (M.G.L.c. 168 §11), the Board of Directors of the Cooperative Central Bank (M.G.L.c. 170 App. §1-2), and Credit Union Boards of Directors (M.G.L.c. 171 §13).