DAVID M. THOMAS *vs.* CIVIL SERVICE COMMISSION & others.[1]

No. 97-P-1989.

Suffolk. March 8, 1999. - January 13, 2000.

Present: PERRETTA, PORADA, & LENK, JJ.

*Civil Service,* Fire fighters, Eligibility list, Decision of Civil Service Commission, Judicial review. *Practice, Civil,* Review respecting civil service. *Administrative Law,* Judicial review.

The Civil Service Commission did not act arbitrarily or capriciously in authorizing, pursuant to St. 1976, c. 534, § 1, as amended by St. 1993, c. 310, the revival of a 1991 list of candidates eligible to fill a position of deputy fire chief, in circumstances in which the list had been revoked inadvertently in 1994 in violation of a judicial order entered in litigation concerning the list, and where the language of the statute did not limit the commission's authority to revive the list for all pending vacancies. [451-453]

CIVIL ACTION commenced in the Superior Court Department on November 22, 1996.

The case was heard by *Thayer Fremont-Smith,* J.

*Wendy H. Sibbison* for town of West Springfield.

*Neil Rossman* for the plaintiff.

*John W. Welch,* for the intervener, was present but did not argue.

PERRETTA, J. Section 1 of c. 534 of the Acts of 1976, as amended by St. 1993, c. 310 (Act), provides:

"If the rights of any person acquired under the provisions of chapter thirty-one of the General Laws or under any rule made thereunder have been prejudiced through no

---

[1]Board of Selectmen of West Springfield, Robert J. Page, an intervener in this appeal, and the Personnel Administrator for the Commonwealth. The Department of Personnel Administration is now known as the Division of Human Resources within the executive office for administration and finance (see G. L. c. 31, § 1, as amended by St. 1998, c. 161, §§ 234-235).

fault of his own, the civil service commission may take such action as will restore or protect such rights, notwithstanding the failure of any person to comply with any requirement of said chapter thirty-one or any such rule as a condition precedent to the restoration or protection of such rights."

In proceedings before the Civil Service Commission (commission) pursuant to G. L. c. 31, § 2(*b*), and in the Superior Court on a complaint for judicial review, see G. L. c. 31, § 44, and G. L. c. 30A, § 14, David M. Thomas (Thomas) claimed that the commission abused its discretion and committed an error of law in relying upon the Act to revive what he claims to be an expired eligibility list in order to allow the defendant board of selectmen (board), the town's appointing authority, to make civil service appointments from a list that did not include his name. The Superior Court judge agreed with Thomas and ordered that one of the two appointments made by the board from the challenged list be vacated and that the vacancy thereby created be filled from the list that included Thomas's name. We conclude that the commission's revival of the list in issue pursuant to the Act was valid and reverse the judgment.

1. *The facts.* A detailed recitation of the undisputed but somewhat complicated facts is helpful to a full understanding of the issue before us. On or about February 8, 1993, the administrator of the Department of Personnel Administration (administrator), as then known (see note 1, *supra*), issued a certification of names of candidates found eligible to fill the position of deputy fire chief.[2] The certification was made from an eligibility list established in 1991 as the result of a competitive promotional examination. According to that list of three names, Louis Lamothe (Lamothe) and Robert Page (Page) placed first and second, respectively. The board voted to appoint Page to fill the position, and the administrator approved the "by-pass" of Lamothe who then appealed to the commission.

---

[2] "Certification," as defined in G. L. c. 31, § 1, as amended by St. 1985, c. 527, § 1, is the "designation to an appointing authority by the administrator of sufficient names from an eligible list or register for consideration of the applicants' qualifications for appointment pursuant to the personnel administration rules." As also defined in pertinent part in § 1, as amended by St. 1986, c. 557, § 41, an "[e]ligible list" is a "list established by the administrator, pursuant to the civil service law and rules, of persons who have passed an examination."

While Lamothe's appeal to the commission was pending, the administrator announced, on February 9, 1994, a statewide revocation schedule for certain eligibility lists, including all deputy fire chief eligibility lists which "resulted from examinations held in the spring of 1991." The scheduled revocation date was July 1, 1994. The administrator's directive also provided that its provisions would not apply to eligibility lists affected by restraining orders or pending litigation.[3] For whatever reason, this directive prompted the town's fire chief to give notice, on February 14, 1994, that a promotional examination for the position of deputy fire chief would be given in March of 1995.

Two days after the fire chief's notice, the commission reversed the administrator's approval of the board's selection of Page over Lamothe, directed the administrator "to recertify the names of the three candidates who were on the eligible list," and ordered the board to redo the selection process in a manner consistent with the commission's findings and conclusions.[4] The board timely filed a complaint for judicial review of the commission's decision, and a Superior Court judge, on March 17, 1994, enjoined enforcement of the commission's order. Under the terms of the preliminary injunction in that matter, which we shall refer to as the Lamothe action,[5] the existing 1991 eligibility list was not to be revoked until entry of a final judgment on the board's complaint. Notwithstanding the terms of the preliminary injunction, the 1991 eligibility list was revoked, presumably pursuant to the administrator's directive but indisputably in violation of the terms of that directive, see note 3, *supra*, and the existing injunction.

---

[3]Specifically, the directive provided: "In extremely rare instances, there may be a situation whereby, due to restraining orders or pending litigation, an eligible list is not established for an extended period of time. When such eligible list would normally be scheduled to be revoked according to DPA's [Department of Personnel Administration] policy, it may not have been in existence for the statutory minimum of two years. DPA will not revoke such list according to the schedule and will guarantee a minimum of two years of eligibility for these candidates."

[4]One commissioner, while concurring with the findings and conclusions reached by the majority, dissented as to the form of relief granted. The dissenter was of the view that the "appropriate remedy would be to direct that [Lamothe] be appointed to the next vacancy in the position of Deputy [Fire] Chief, with his time in grade adjusted retroactively to reflect an appointment date of March 1993."

[5]Robert J. Page was a nominal defendant in that action.

About nine months later, on March 3, 1995, the Superior Court judge's decision in the Lamothe action entered. Her memorandum of decision, which has been included in the record before us, shows that she found and concluded that the commission's determination was supported by substantial evidence. However, for reasons not apparent on the record, final judgment in that action, from which neither the board nor Page appealed, did not enter until May 31, 1995.

To complicate the issue further, a number of relevant events occurred during the time span between the date of entry of the decision (March 3, 1995) and the date of entry of the final judgment (May 31, 1995) in the Lamothe action. First, sometime in March, 1995, a deputy fire chief announced his retirement, effective July 8, 1995. No matter the exact date of that announcement, Thomas took the previously scheduled promotional examination on March 25, 1995. Next, on or about April 19, 1995, the administrator sought and obtained the commission's approval for the revival of the 1991 eligibility list pursuant to the Act for purposes of complying with the decision which had entered in the Lamothe action on March 3, 1995. When it was thereafter brought to the commission's attention that final judgment had yet to be entered in that action as of the time of its revival of the 1991 eligibility list, the commission, on May 18, 1995, revoked its authorization.

There the matter stood until June 5, 1995, when the administrator again requested revival of the 1991 list under the Act. However, the purpose of this request was somewhat different from that identified in the April request. The administrator now sought revival of the 1991 list for purposes of "allowing appointments to present vacancies," that is, the vacancy involved in the Lamothe action *and* the vacancy created by the retirement which was to become effective the following month.

Concluding that the "right of persons on the aforementioned [1991] list to be considered for current vacancies was violated through no fault of their own when it was prematurely terminated," the commission directed, on June 15, 1995, that the list be revived for purposes of implementing its decision in Lamothe's by-pass appeal, as affirmed, and of allowing those on the 1991 list to be considered for "all pending vacancies until a new list is established." Thereafter, sometime in July, Lamothe and Page were appointed to the two available positions.

On August 17, 1995, the administrator established an eligibil-

ity list based upon the results of the promotional examination given on March 25, 1995. Of the four names on the new list, Thomas scored the highest. After unsuccessfully challenging the commission's decision allowing revival of the 1991 list for purposes of making appointments to "all pending vacancies," Thomas brought the present complaint for judicial review, arguing that the commission erred in reviving the 1991 list for purposes of allowing appointments to *"all* pending vacancies" (emphasis supplied).

2. *Discussion.* In concluding that Page's appointment to the position of deputy fire chief was invalid, the Superior Court judge began his analysis with the third paragraph of G. L. c. 31, § 25, as amended by St. 1985, c. 527, § 13. As relevant, that paragraph provides:

> "Persons on an eligible list shall be eligible for certification from such list for such period as the administrator shall determine, but in any event not to exceed two years, unless one of the following exceptions applies: . . . (2) the administrator is temporarily enjoined by a court order from certifying names from an eligible list, in which case eligibility of persons on such list shall be extended for a period equal to the duration of such order; or (3) no new list is established, in which case eligibility of all persons on such list shall be extended until a new list is established for the same position for which the original list was established; provided, however, that the administrator may revoke the eligibility of the entire list or of any persons on such list subsequent to said two-year period if he shall determine that the effective maintenance of the merit system so requires such revocation . . . ."

Because Page was appointed more than two years after the 1991 eligibility list had been established and some two months after the expiration of the preliminary injunction in the Lamothe action, the Superior Court judge focused on § 25, third par. (3). Although he acknowledged that no new eligibility list had been established prior to Page's appointment, he concluded that the 1991 list had not been automatically extended because "it had been specifically revoked by the [administrator], as of July 1, 1994." He also concluded that because "Page had no rights which were 'prejudiced through no fault of his own,' " the commission could not revive the 1991 list under the Act for the

purpose of making *two* appointments, and that in so doing, the commission "prejudiced" Thomas's "rights."

We assume without deciding that, at the time of Page's appointment, the 1991 list did not exist under the terms of the third paragraph of § 25, and proceed directly to the Superior Court's determination that the commission could not revive the 1991 list under the Act for purposes of allowing the persons on that list to be considered for all pending vacancies. In challenging the commission's action, Thomas never disputed the facts, as recited in detail, or the commission's authority under the Act to revive the list for the purpose of allowing an appointment to *one* of the two then existing vacancies.

There is nothing in the express language of the Act that limited the commission's authority to revival of the 1991 list for a single appointment only. To the contrary, the Act authorizes the commission to "take such action as will restore or protect" the rights "of any person" which have been prejudiced "through no fault of his own." That language narrowed the issue before the Superior Court judge to whether the commission had acted arbitrarily and capriciously.

In reviewing that action under G. L. c. 30A, § 14(7), it was not open to the Superior Court judge to substitute his judgment for that of the commission. Rather, he was required to "accord due deference and weight not only to the commission's 'experience, technical competence, and specialized knowledge' but also 'to the discretionary authority conferred upon it.' " *School Comm. of Brockton* v. *Civil Serv. Commn.*, 43 Mass. App. Ct. 486, 490 (1997), quoting from G. L. c. 30A, § 14(7), as amended by St. 1973, c. 1114, § 3. See *Seagram Distil. Co.* v. *Alcoholic Bevs. Control Commn.*, 401 Mass. 713, 721 (1988); *Flint* v. *Commissioner of Pub. Welfare*, 412 Mass. 416, 420 (1992). We also note that because the Act empowers the commission to take action for "remedial reasons," see *Dedham* v. *Dedham Police Assn.*, 46 Mass. App. Ct. 418, 421 n.3 (1999), its discretion is "particularly broad." *Boston Preservation Alliance, Inc.* v. *Secretary of Envtl. Affairs*, 396 Mass. 489, 498 (1986), quoting from *Greater Boston Television Corp.* v. *Federal Communications Commn.*, 444 F.2d 841, 857 (D.C. Cir. 1970), cert. denied, 403 U.S. 923 (1971). "A decision is arbitrary and capricious when it lacks any rational explanation that reasonable persons might support." *Cambridge* v. *Civil Serv. Commn.*, 43 Mass. App. Ct. 300, 303 (1997).

The commission's decision was based upon the administrator's assertion that the 1991 list had been inadvertently revoked despite the administrator's " 'policy . . . not to terminate a list while there is litigation concerning the list,' and that were it not for this error 'the list would still be in existence.' " The list was originally revived to implement the decision in the Lamothe action. Although Thomas assumes that the final judgment in that action mandated or otherwise guaranteed Lamothe's appointment, we do not agree. The final judgment in that action affirmed the commission's decision, which directed the administrator "to recertify the names of the three candidates who were on the [1991] list, whereupon the selection process shall be redone by the Appointing Authority in a manner consistent with the findings and conclusions contained in this decision [of February 16, 1994]."[6]

But for its inadvertent revocation, the 1991 list would have been automatically extended to August 17, 1995, the date the administrator established the new eligibility list. See G. L. c. 31, § 25; *Callanan* v. *Personnel Administrator*, 400 Mass. 597, 602 (1987). In reviving the 1991 list two months before the administrator established the 1995 eligibility list, the commission did no more than restore that which § 25, third par. (3), allowed. The subsequent establishment of the list upon which Thomas's name appeared gave him no interests or rights which, as the Superior Court judge erroneously concluded, "were prejudiced" by the commission's earlier action. See *id.* at 601; *Kelleher* v. *Personnel Administrator of the Dept. of Personnel Admn.*, 421 Mass. 382, 389 (1995); *Bielawski* v. *Personnel Administrator of the Div. of Personnel Admn.*, 422 Mass. 459, 466 (1996).

In these circumstances, we conclude that the commission did not act arbitrarily or capriciously in authorizing revival of the

---

[6]In its decision in the Lamothe by-pass appeal, the commission stated: "There are no negative factors associated with either [Lamothe] or Page. Neither one has had any disciplinary action taken against him. Both have excellent attendance records. Both men had service as Acting Deputy Chiefs, and both had experience as Incident Commanders at fire scenes. Both men are Vietnam era veterans. Both candidates had Associate's Degrees (Page in Fire Science, [Lamothe] in Electronic Technology), and both had experience in training other firefighters." The fact upon which the commission concluded that Lamothe's by-pass was "especially troublesome in the circumstances of the case" was that the board, in making its selection, "afforded virtually no weight at all to the results of the examination."

1991 list under the Act for purposes of allowing appointments to all vacancies pending at the time of its action.

The judgment entered in the Superior Court is reversed and a new judgment shall be entered affirming the decision of the commission upholding the board's appointments of Lamothe and Page.

*So ordered.*