FRANCIS X. MULHERN *vs.* CIVIL SERVICE COMMISSION & another.[1] No. 01-P-375. April 7, 2003. *Civil Service,* Promotion, Decision of Civil Service Commission. *Massachusetts Bay Transportation Authority,* Police officers.

To obtain relief from a decision of his employer, the Massachusetts Bay Transportation Authority (MBTA), bypassing him in making promotions to the rank of sergeant in the MBTA police force, the plaintiff sought review by the Civil Service Commission (commission). The latter gave the plaintiff some but not all the relief requested. The plaintiff then sought review of the commission's decision in the Superior Court, pursuant to G. L. c. 31, § 44, and G. L. c. 30A, § 14, and he now appeals from a judgment affirming the commission's decision.

The MBTA, in April, 1998, based its decision not to promote the plaintiff on what its interviewing officers considered poor performance by the plaintiff on his interview. Seven officers were promoted to the rank of sergeant, including four who had received lower examination scores but higher interview scores than the plaintiff. The commission, reviewing the bypass decision, considered the plaintiff's explanation of the interview process credible, and found that the MBTA had placed insufficient weight on the plaintiff's past performance evaluations. Accordingly, pursuant to its powers of relief, see St. 1976, c. 534, § 1, as amended by St. 1993, c. 310,[2] the commission reversed the decision of the MBTA and ordered that the plaintiff be placed at the top of

---

[1]Massachusetts Bay Transportation Authority.

[2]That statute in pertinent part provides: "If the rights of any person acquired under the provisions of chapter thirty-one of the General Laws or under any rule made thereunder have been prejudiced through no fault of his own, the civil service commission may take such action as will restore or protect such rights . . . ."

the list for the next promotion. Both the MBTA and the plaintiff challenged that decision. At a hearing in the Superior Court, in November, 2000, the parties acknowledged that the plaintiff had been promoted to sergeant. The Superior Court noted that, therefore, the only issue before it was whether the promotion should have been ordered by the commission to be made retroactive to the bypass date, April 17, 1998.

The remedy to be accorded a plaintiff is a matter within the commission's discretion and will rarely be overturned. See *Bielawski* v. *Personnel Administrator of the Div. of Personnel Admn.*, 422 Mass. 459, 464 n.11, 465 (1996); *Thomas* v. *Civil Serv. Commn.*, 48 Mass. App. Ct. 446, 451 (2000). We have reviewed the record and this is not such a case. We have expressly noted that the commission has the authority to adjust appointment dates for remedial reasons. *Dedham* v. *Dedham Police Assn.*, 46 Mass. App. Ct. 418, 421 n.3 (1999).

In *Bielawski* v. *Personnel Administrator of the Div. of Personnel Admn.*, *supra*, as here, the commission ordered that the plaintiff be placed at the top of the next certification of candidates. The plaintiff in that case complained that by failing to order his promotion, the commission did not do enough. The court pointed out that although "the commission's remedy did not correspond in tone and vigor with its rebuke of the appointing authority, this would not be that rare case in which the courts will second guess the commission's choice of remedy." *Id.* at 465. In the case at bar there was no vigorous, let alone any, express rebuke of the MBTA by the commission. Although the commission in *Bielawski* ordered that in the event the plaintiff were appointed, his appointment would be retroactive, that distinction does not derogate from the discretion accorded to the commission expressed in the opinion. There is no reason not to uphold the remedy the commission chose.

*Judgment affirmed.*

*Frank J. McGee* for the plaintiff.
*Gregory A. Manousos* for Massachusetts Bay Transportation Authority.