Arvid Kurt ANDERSON, As He Is
Trustee of The Anderson Family
Real Estate Trust, Plaintiff,

v.

Donald CHAMBERLAIN, Denise Dwyer
Colburn and John Bevelaqua, As They
Are The Members of The Board Of
Health of the Town of Groveland, and
the Town of Groveland, Defendants.

No. CIV. A. 98–11240–MBB.

United States District Court,
D. Massachusetts.

March 14, 2001.

Nicholas J. DeCoulos, DeCoulos & De-Coulos, Peabody, MA, for Plaintiff.

Ilana M. Quirk, Barbara J. St. Andre, Kopeland & Paige, P.C., Boston, MA, for Defendants.

### MEMORANDUM AND ORDER RE: SUBJECT MATTER JURISDICTION

BOWLER, United States Magistrate Judge.

Although unfortunate at this late stage in the proceedings, this court must remand this case to the Massachusetts Superior Court Department (Essex County) due to lack of subject matter jurisdiction over the federal claim. Background facts as well as

material facts for purposes of determining jurisdiction are taken from the complaint.[1]

## BACKGROUND

Plaintiff Arvid Kurt Anderson ("plaintiff"), Trustee of the Anderson Family Real Estate Trust, is the owner of a piece of real estate in the Town of Groveland as described in a deed dated April 16, 1992, from Gretchen C. Stone ("the property"). On or about August 11, 1997, plaintiff submitted an application to the the Board of Health of the Town of Groveland ("the board"). The application consisted of a plan and requested the board's approval to install an underground sewage disposal system on the property.

One or more local regulations of the board require underground sewage disposal systems to be set back from wetlands by a prescribed distance. The property exceeds this distance.[2] Before adopting such local regulations, the board must publish them in a newspaper of general circulation in the town and, after proper notice, conduct a public hearing.[3] Mass. Gen. L. ch. 111, § 31. The board must also act on any completed application for a permit within 45 days after the completed application is filed. Mass. Gen. L. ch. 111, § 31E.

The board did not act within 45 days of the August 11, 1997 filing. Rather, by letter dated March 31, 1998, the board rejected plaintiff's application. In particular, the board refused to issue plaintiff a waiver from the local regulations prescribing the required setback from wetlands for the proposed sewage disposal system.

Within 60 days,[4] plaintiff filed suit in the Massachusetts Superior Court Department (Essex County) against defendants Donald Chamberlain, Denise Dwyer Colburn and John Bevelaqua, then members of the board, and the Town of Groveland ("the town") (collectively: "defendants"). As explained below, the two count complaint raises a claim under state law in Count I and a claim under federal law and the Massachusetts constitution in Count II.

Count I seeks relief under chapter 249. An action in the nature of certiorari under chapter 249 " 'is for the purpose of correcting legal error.' " *Bielawski v. Personnel Administrator of the Division of Personnel Administration,* 422 Mass. 459, 663 N.E.2d 821, 826 (1996); *accord Malone v. Civil Service Commission,* 38 Mass.App.Ct. 147, 646 N.E.2d 150, 151 (1995) (chapter 249 judicial review "is limited to correcting substantial errors of law that are apparent on the record"). Review is not *de novo*, is confined to the record before the decisionmaking body and simply asks whether the decision was " 'legally tenable and supported by substantial evidence.' " *Bielawski v. Personnel Admin-*

---

1. As explained in the discussion section, jurisdiction is ordinarily examined from the face of a well pleaded complaint. Where relevant, the background section also includes the law, including local regulations, applicable to the underlying subject matter.

2. This court draws this reasonable assumption from the facts in the complaint including the attachment thereto. Regulations of the Massachusetts Department of Environmental Protection, 310 C.M.R. § 15.000 *et seq.*, commonly known as Title V, establish minimum setback requirements for subsurface sewage disposal systems. *See* 310 C.M.R. § 15.211.

3. The Massachusetts Department of Environmental Protection maintains a central registry of all locally adopted regulations of the boards of health within the Commonwealth. Mass. Gen. L. ch. 111, § 31.

4. An action in the nature of certiorari under section four of Massachusetts General Laws chapter 249 ("chapter 249") must be brought within 60 days. Mass. Gen. L. ch. 249, § 4; *Ford v. Commissioner of Correction,* 537 N.E.2d 1265, 1266 (1989).

*istrator of the Division of Personnel Administration,* 663 N.E.2d at 826. Under the terms of the statute, the action is only available in proceedings which "are not otherwise reviewable by motion or appeal." Mass. Gen. L. ch. 249, § 4. In short, Count I seeks to correct the board's failure to comply with Massachusetts state law. As such, it is unquestionably a state law claim.

Count II alleges a claim of inverse condemnation under the Fifth Amendment which is "made binding upon state actors," such as the board members, "by means of the [F]ourteenth [A]mendment."[5] *Gilbert v. City of Cambridge,* 932 F.2d 51, 56 n. 7 (1st Cir.1991). It also seeks relief under Article X of the Declaration of Rights of the Massachusetts Constitution.[6] The count alleges that the board's decision to reject the application deprived plaintiff of property without just compensation and that the town's enactment of the local setback regulations applicable to wetlands also deprived plaintiff of property without just compensation.

Plaintiff served a copy of the summons and complaint on defendants on May 28, 1998. Defendants timely removed the action to the United States District Court for the District of Massachusetts on June 24, 1998, pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants ground the removal on the court's federal question jurisdiction under 28 U.S.C. § 1331. The only conceivable basis for federal question jurisdiction lies in the alleged violation of plaintiff's Fifth Amendment right to compensation for the unjust taking through inverse condemnation of the property set forth in Count II.

The parties consented to proceed before this court under the provisions of 28 U.S.C. § 636(c). (Docket Entry # 5). Discovery closed on May 31, 1999, and the deadline for filing dispositive motions expired on June 30, 1999. After setting a jury trial for November 15, 1999, this court held a final pretrial conference on November 4, 1999. At the conference, defendants questioned this court's supplemental jurisdiction over the state law claims. Accordingly, this court directed the parties to brief the issue and canceled the trial date.

Although defendants do not object to this court's exercise of supplemental jurisdiction over the claim in Count I, they question whether it is appropriate. They

---

5. The complaint refers generically to the United States Constitution without designating a particular amendment. Count II seeks damages for the temporary and permanent condemnation of plaintiff's property. The import and focus of the complaint seeks compensation for the unjust taking of plaintiff's property, i.e., a Fifth and Fourteenth Amendment claim. This court does not construe plaintiff's complaint as alleging a substantive due process claim, *see generally Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield,* 907 F.2d 239, 241–244 (1st Cir. 1990) (discussing substantive due process claim including ripeness of the claim), which, in any event, is unlikely to succeed. *See Licari v. Ferruzzi,* 22 F.3d 344, 349 (1st Cir. 1994) (" '[t]his court has repeatedly held … that rejections of development projects and refusals to issue building permits do not ordinarily implicate substantive due process' ").

6. Again, although the complaint itself does not designate the applicable section of the Massachusetts Constitution, plaintiff's pretrial memorandum (Docket Entry # 13) clarifies that relief is sought under Article X. Article X, which plaintiff quotes in the memorandum, provides, in relevant part, that:

> no part of the property of any individual, can, with justice be taken from him, or applied to public uses, without his own consent, or that of the representative body of the people …. And whenever the public exigencies require that the property of any individual should be appropriated to public uses, he shall receive a reasonable compensation therefor.

Mass. Const., pt.1, art.X.

reason that the constitutional takings claim in Count II is not ripe for review as a final decision because the appropriate court first needs to resolve the certiorari claim. Defendants point out that a regulatory takings claim based on a denied application is not ripe until issuance of the final decision denying the permit. Plaintiffs urge that principles of fairness, in light of the fact that it was defendants who removed the action to federal court, preclude remand and that such a remand would inevitably delay a final resolution.

## DISCUSSION

■ As an issue of subject matter jurisdiction, this court has a duty to consider its jurisdiction *sua sponte*. *See In Re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir.1998); *see also Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868, 896, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991) (error in subject matter jurisdiction "must be noticed *sua sponte* by a court, at all points in the litigation") (Scalia, J., concurring). In an action removed from state court, if, at any stage in the proceedings prior to final judgment, it "appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Furthermore, the removal statute does not create an independent basis for jurisdiction. *See Grubbs v. General Electric Credit Corporation*, 405 U.S. 699, 702–703, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972).

■■ Federal question jurisdiction exists in "civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "[A] claim arises under federal law within the meaning of section 1331 if a federal cause of action emerges from the face of a well-pleaded complaint." *Viqueira v. First Bank*, 140 F.3d 12, 17 (1st Cir.1998). With few exceptions, "jurisdiction is normally ascertained from the face of the state court complaint that triggered the removal." *Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1, 4 (1st Cir.1999).

■ As the proponents of federal question jurisdiction, defendants have the burden of showing that it is proper. *Barrett v. Lombardi, Jr.*, 239 F.3d 23, 30 (1st Cir.2001). Thus, although the First Circuit in *Danca v. Private Health Care Systems, Inc.*, 185 F.3d at 4, raised the issue of federal question jurisdiction *sua sponte*, the court nevertheless noted that the defendants, who had removed the state court action to federal court, had "the burden of showing the federal court's jurisdiction." *Danca v. Private Health Care Systems, Inc.*, 185 F.3d at 4.

■ In any event, when confronted with a question of subject matter jurisdiction, a district court "reviews a plaintiff's complaint" and "only asks whether the complaint, on its face, asserts a colorable federal claim." *BIW Deceived v. Local S6*, 132 F.3d 824, 831 & 832 (1st Cir.1997). Under this standard, defendants must "make a 'colorable' showing that a basis for federal jurisdiction exists." *Danca v. Private Health Care Systems, Inc.*, 185 F.3d at 4.

■ As previously noted, the only basis for federal question jurisdiction lies in the Fifth Amendment inverse condemnation claim.[7] The Supreme Court in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), however, "set aside an award to a disgruntled developer on the ground that it was premature to pursue a

---

7. Although not cited in the complaint, plaintiff presumably brings the alleged unconstitu- tional takings cause of action pursuant to 42 U.S.C. § 1983.

federal damage remedy for an alleged taking before resorting to state law inverse condemnation procedures." *Ochoa Realty Corporation v. Faria*, 815 F.2d 812, 816 (1st Cir.1987). The same is true in the case at bar inasmuch as the complaint is bereft of any indication that plaintiff has resorted to the Massachusetts inverse condemnation statute, Mass. Gen. L. ch. 79, § 10 ("chapter 79").

■ The holding of *Williamson* is twofold. *Montgomery v. Carter County, Tennessee*, 226 F.3d 758, 765 (6th Cir.2000). First, under *Williamson*, non-physical takings for public use under the Fifth Amendment do not ripen "until (1) there has been a final decision by the relevant state decisionmaker and (2) the property owner has utilized appropriate state inverse condemnation procedures." *Montgomery v. Carter County, Tennessee*, 226 F.3d at 765. Defendants' jurisdictional argument focuses on the former holding based on the non-finality of the board's decision.

■ Defendants' reasoning that finality does not occur until a decision by the appropriate judicial body on the certiorari claim, however, is misplaced. Finality of the action, in this instance the denial of plaintiff's application by the board, under the first holding in *Williamson* occurs when "the *administrative* agency has ar-

rived at a final, definitive position regarding how it will apply the regulations at issue to the particular land question." *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. at 191, 105 S.Ct. 3108 (emphasis added). The Supreme Court thus carefully distinguished between "obtaining final administrative action (required) from the exhaustion of judicial remedies (not required)."[8] *Montgomery v. Carter County, Tennessee*, 226 F.3d at 766 (paraphrasing *Williamson*, 473 U.S. at 193–194, 105 S.Ct. 3108). Given the record before this court, the board's March 1998 decision appears final insofar as plaintiff does not have to obtain a decision from a judicial body regarding the certiorari claim under chapter 249.[9]

■ Plaintiff's takings claim nevertheless falters under *Williamson's* second holding. Simply put, "because the Fifth Amendment proscribes takings without just compensation, no constitutional violation occurs until just compensation has been denied." *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. at 195 n. 13, 105 S.Ct. 3108. A plaintiff must first invoke the available mechanisms for compensation from the defendant in order to ripen a claim under the Fifth Amendment. *See Marietta Realty, Inc. v. Springfield*

**8.** The Supreme Court provided the example of an aggrieved state property owner who was denied a permit but failed to seek a variance from the relevant zoning commission. *See Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. at 195, 105 S.Ct. 3108. Under this scenario, the property owner did not have to resort to a declaratory judgment action under state law to achieve "finality" of the zoning decision although he did have to resort to the initial administrative procedure for obtaining a variance to achieve "finality" of the decision.

*Williamson's* second holding also does not require the property owner to resort to the

state procedures for obtaining review of the final decision, i.e., the declaratory judgment action under state law. It does, however, require the property owner to resort to the state procedures that allow the property owner to obtain compensation for the taking, i.e., the inverse condemnation statute. *See Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. at 195 n. 13, 105 S.Ct. 3108.

**9.** The availability of an action under chapter 79, however, might preclude the need to resort to chapter 249.

*Redevelopment Authority,* 902 F.Supp. 310, 313 (D.Mass.1995). In other words, "a plaintiff first must be denied compensation before he can maintain an action for deprivation of the Fifth Amendment's takings clause." *D'Ambra v. City of Providence,* 21 F.Supp.2d 106, 110 (D.R.I.1998).

 The only exception to this doctrine is futility. *D'Ambra v. City of Providence,* 21 F.Supp.2d at 110. Like the plaintiff in *Gilbert v. City of Cambridge,* 932 F.2d 51 (1st Cir.1991), however, there is little proof of the inadequacy of the remedy provided by Massachusetts' inverse condemnation statute. Indeed, a number of cases in this circuit recognize the viability of the remedy afforded under chapter 79 and as a result consider the Fifth Amendment takings claims unripe. *See, e.g., Gilbert v. City of Cambridge,* 932 F.2d at 64–65 (affirming district court); *Marietta Realty, Inc. v. Springfield Redevelopment Authority,* 902 F.Supp. at 313 (dismissing Fifth and/or Fourteenth Amendment takings claim because chapter 79 provided adequate means for a plaintiff to seek redress for alleged deprivation of property). Upon remand, plaintiff may seek leave to amend the complaint to allege such a cause of action. *See Fram v. City of Boston,* 363 Mass. 68, 292 N.E.2d 356, 360 (1973) (recognizing ability to amend equitable proceeding alleging improper taking of property into petition for assessment of damages under chapter 79); *see also* Mass. R. Civ. P. 15(c).

In sum, the Fifth Amendment claim, applicable to the state actors under the Fourteenth Amendment, is not ripe because there is no indication that plaintiff requested compensation through the available mechanism of a claim under the Massachusetts inverse condemnation statute. This court lacks jurisdiction over the remaining state claims based on the Massachusetts constitution and certiorari review under chapter 249. Remand is therefore mandated pursuant to 28 U.S.C. § 1447(c).

### CONCLUSION

In accordance with the foregoing discussion, this case is **REMANDED** to the Massachusetts Superior Court Department (Essex County) for further proceedings.