Sobel v. Derry, NH                    10-CV-592-SM   08/24/11

UNITED STATES DISTRICT COURT

                          DISTRICT OF NEW HAMPSHIRE


Jonathan W. Sobel, Trustee,
      Plaintiff

      v.                                      Case No. 10-cv-592-SM
                                              Opinion No. 2011 DNH 132
Town of Derry, New Hampshire,
      Defendant


                              O R D E R


      Plaintiff, Jonathan Sobel, brought suit in state court to
challenge a zoning decision by the defendant, Town of Derry.
Among other claims, Sobel asserted that the zoning decision
amounted to an unlawful taking of his property, in violation of
his federal constitutional rights.  The Town removed the case to
this court, invoking its federal question jurisdiction.  28
U.S.C. § 1331.  The court requested briefing on a preliminary
issue — whether plaintiff's unripe federal claims require
dismissal and/or remand.  Having considered the parties'
arguments, the court dismisses the federal claims and remands the
state law claims.


      Federal claims that challenge state zoning decisions, like
those Sobel asserts here, are not ripe if the "government entity
charged with implementing the [zoning] regulations" has not
"reached a final decision."  Williamson Cty. Reg'l Planning

Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 187-88 (1985). There is no "final decision" when the plaintiff has not sought a zoning variance. Id. at 188-90. Here, Sobel concedes that he has not sought a zoning variance. His federal claims, therefore, are not ripe and are necessarily dismissed, albeit without prejudice. See Pennichuck Corp. v. City of Nashua, Case No. Civ. 04-187-JD, 2004 WL 2030282, at *3 (D.N.H. Sept. 13, 2004) (dismissing unripe federal claims without prejudice for failure to pursue state remedies). See also Anderson v. Chamberlain, 134 F. Supp. 2d 156, 161 (D. Mass. 2001) (remanding zoning challenge because complaint did not allege satisfaction of Williamson's state litigation requirement) (citing Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998)).

"Given that this case is 'at an early stage in the litigation,'" the court declines to exercise supplemental jurisdiction over Sobel's state law claims, and, therefore does not address the validity of those claims. DePoutot v. Raffaelly, Case No. Civ.04-38-SM, 2005 WL 515853, at *10 (D.N.H. March 3, 2005) (quoting Camelio v. Am. Federation, 137 F.3d 666, 672 (1st Cir. 1998)). See also Pennichuck, 2004 WL 2030282, at *3 (remanding state inverse condemnation claims).

For the reasons stated, plaintiff's federal claims are dismissed without prejudice as unripe. Plaintiff's state law claims are remanded to state court.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 24, 2011

cc:  Corey M. Belobrow, Esq.
     Edmund J. Boutin, Esq.
     Sumner F. Kalman, Esq.
     Lynne G. Sabean, Esq.
     Thea S. Valvanis, Esq.